Maurice Johnson
FULL NAME

COMMITTED NAME (if different)

High Desert State Prison
FULL ADDRESS INCLUDING NAME OF INSTITUTION
P.O. Box 3030, Susanville, CA 96127
D-68642
PRISON NUMBER (if applicable)

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Johnson, Maurice

PLAINTIFF,

v.

Jones, Dave Insurance Commissioner et.al

DEFENDANT(S).

CASE NUMBER **CV13 - 0857** (SH)
To be supplied by the Clerk

## CIVIL RIGHTS COMPLAINT
PURSUANT TO *(Check one)*
☒ 42 U.S.C. § 1983
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes   ☐ No

2. If your answer to "1." is yes, how many?   One (1)

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

Concerned the intentional, unjustified, reckless disregard, and callous indifference to the personal safety of plaintiff, Maurice Johnson, a prisoner at High Desert State Prison, by defendants Tom Felker Warden; Matthew Cate, Secretary of the Department of Corrections and Rehabilitation; Mike McDonald, Chief Deputy Warden; M. Wright, Associate Warden; P. Cochrane, Captain; D. Griffith, Lieutenant; B. Ingwerson, Sergeant; J. Lewis, Sergeant; J. Miller; M. Beutler; D. Phing; B. Ramsey; and Does 1-23 prison correctional officers, the inevitable resultant subsequent attack on plaintiff (who is African-American) was a clear violation of his constitutional rights under the Eight Amendment's prohibition against cruel and unusual punishment, deliberate indifference, failure-to-protect, and totality of the conditions; Due Process and Equal Protection Clause of the Fourteenth Amendment, Defendants Tom Felker, Mike McDonald, M. Dangler and D. Jackson further chilled, obstructed, and stagnated plaintiff in his constitutionally protected conduct to file and exhaust an administrative appeal including the right to file legal documents and writings with the courts without threat of retaliation by a pro se plaintiff under the First and Sixth Amendment access to court and retaliation.

LODGED
CLERK, U.S. DISTRICT COURT

FEB - 7 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

RECEIVED
CLERK, U.S. DISTRICT COURT

FEB - 6 2013

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

a. Parties to this previous lawsuit:
Plaintiff Maurice Johnson

Defendants

b. Court UNITED STATES DISTRICT COURT EASTERN DISTRICT OF CALIFORNIA

c. Docket or case number 2:12-cv-2719-GEB-JFM

d. Name of judge to whom case was assigned Judge Garland E. Burrell, Jr and Magistrate Judge John F. Moulds

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) Still pending

f. Issues raised:

g. Approximate date of filing lawsuit: 11-28-2012

h. Approximate date of disposition Still pending

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes   ☐ No

   If your answer is no, explain why not

3. Is the grievance procedure completed? ☒ Yes   ☐ No

   If your answer is no, explain why not

4. Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff Maurice Johnson
(print plaintiff's name)

who presently resides at High Desert State Prison, P.O. Box 3030 Susanville, CA, 96127,
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

High Desert State Prison Susanville, county of Lassen
(institution/city where violation occurred)

on (date or dates) 14th Amendment Due P., Negligent Breach of Contract , Conspiracy to Violate Civil Rights .
                  (Claim I)                   (Claim II)                   (Claim III)

**NOTE:**    You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant **Dave Jones** _____ resides or works at
   300 SOUTH SPRING STREET, SOUTH TOWER
   (full name of first defendant)
   LOS ANGELES, CA 90013
   (full address of first defendant)
   State of California Insurance Commissioner
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
In his capacity as California Insurance Commissioner

2. Defendant **Michele Vass** _____ resides or works at
   P.O. Box 26894
   (full name of first defendant)
   SAN FRANCISCO, CA 94126-0894
   (full address of first defendant)
   Claims Manager, Conservation & Liquidation Office
   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
Working on behalf of Dave Jones State of California Insurance Commissioner

3. Defendant **California Life and Health Insurance Guarantee Association** resides or works at
   P.O. Box 16860
   (full name of first defendant)
   Beverly Hills CA 90201-3319
   (full address of first defendant)

   (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual ☒ official capacity.

Explain how this defendant was acting under color of law:
As Subrogation for California Insurance Commissioner

4.  Defendant  LA AMERICAN LIFE INSURANCE COMPANY _____  resides or works at
     (full name of first defendant)

         P.O. Box 25670 Scottsdale, AZ  85255 _____
         (full address of first defendant)

         _____
         (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

    Explain how this defendant was acting under color of law:

    NOT DISCOVERED AT THIS TIME _____

    _____

5.  Defendant  GOLDEN STATE MUTUAL LIFE INSURANCE COMPANY IN LIQUIDATION resides or works at
     (full name of first defendant)

         _____
         (full address of first defendant)

         _____
         (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☒ individual    ☒ official capacity.

    Explain how this defendant was acting under color of law:

     NOT DISCOVERED AT THIS TIME BUT ASSETS ARE CONTROLLED AND HELD BY
    DAVE JONES CALIFORNIA INSURANCE COMMISSIONER _____

CV-66 (7/97)

**D. CLAIMS***

CLAIM I

The following civil right has been violated:

SEE ATTACHED VII LEGAL CLAIMS PG. 10

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

SEE ATTACHED V FACTS PG. 4-10

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

E.  REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

SEE ATTACHED VIII. PRAYER FOR RELIEF PG. 12-13

January 6th 2013
*(Date)*

*C/Maurice Johnson*
*(Signature of Plaintiff)*

Maurice Johnson D-68642
High Desert State Prison
P.O. Box 3030
Susanville, CA  96127

In Propria Personam

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Maurice Johnson
    Plaintiff

v.

Dave Jones, Insurance Commissioner of the State of California,
In re Golden State Mutual Life Insurance Company in Liquidation
IA American Life Insurance Company; Michele Vass, Claims
Manager of Conservation & Liquidation Office; California Life
and Health Insurance Guarantee Association; T. Perez, Associ-
ate Warden; Does 1-5 individually and in their official capacities
    Defendants.

Case No._____

COMPLAINT

JURY TRIAL DEMANDED

42 USC §1983 & 42 U.S.C. §1985(3)

## I. INTRODUCTION

1. This concerns what has been frequently described as one, if not," the most fundamental and vigorously protected civil rights of American history. The violation of one's inherent individual right' to inherit, own, sell, or convey real or personal property' guaranteed pursuant to both the 14th Amendment U.S. as well as Sections 1, 7(a), 15, and 24 of Article I of the California Constitutions. Specifically prohibiting the State from 'depriving any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.'

2. This is a complaint for declaratory, injunctive relief and damages brought under 42 U.S.C. §1983 and 42 U.S.C. §1985(3) conspiracy to violate civil rights and state law tort claims of both Intentional and General Negligence; Fraud; Intentional and Negligent Infliction of Emotional

Distress; Professional Negligence; and Negligent Breach of Contract, in connection with the knowingly willful malicious oppression and fraudulent breach of fiduciary duty, negligent breach of contract and concealment of a policy of life insurance and the implied duty of good faith and fair dealing by defendants, Golden State Mutual Life Insurance Company in Liquidation; Dave Jones, California Insurance Commissioner; I A American Life Insurance Company; Michele Vass, Claims Manager of Conservation & Liquidation Office; California Life and Health Insurance Guarantee Association, and their agents or employees, for their collective combined bad faith conspiring together to unreasonably withhold beneficiary payment or disclose the full amount of payment owed of a valid life insurance claim. In clear violation of California Insurance Code §10172.5; subdivision (h) [1], [2], [3], [4], [5], and [9] of Section 790.03; and other applicable related statutes and regulations concerning disclosure and payment of life insurance policies.

3. Plaintiff also alleges as a direct result of defendants fraudulent concealment and breach of the covenant of good faith and fair dealing, plaintiff suffered and continues to suffer "economic damages" in the form of loss of use of property, loss of potential investment earnings, loss of interest earnings, loss of liberty, to pay for and obtain private counsel to seek resentencing pursuant to Section 1170.126 added to the Penal Code by Proposition 36; "non-economic damages" inconvenience, mental suffering, emotional distress, and humiliation. Plaintiff is seeing mental health personnel weekly to assist in coping with the anxieties of possibly not inheriting the benefit payment from his deceased mother.

4. Plaintiff, an incarcerated indigent pro se litigant, in execution under the sentence of a criminal court since 1996, for a current term of 25 to life for P.C. 484E(C) and 470B, with no formal legal training in the advanced nuanced complexities of either insurance, probate, or civil law, combined with the legal disability of apparently no legal right to or access to the California Insurance, Probate, Government, or Civil Code within the prison law library, nonetheless, attempts to blindly protect his right' to inherit' personal property (entitlement to insurance benefit) pursuant to the 14th Amendment U.S. and Sections 1, 7(a), 15, and 24 of Article I of the California Constitutions. Subsequently, plaintiff alleges deprivations of 1st and 6th Amendment U.S. as well as Section 3 of Article I California Constitutions guaranteed right of "access to courts" and "right to

1  petition government for redress of grievances."

2    5. Accordingly, plaintiff ask this Court to enjoin further malicious oppression concealment

3  and fraudulent acts and for declaratory relief and damages compensatory, exemplary and punitive

4  concerning the illegality of the egregious and 'shocks the conscience' conspiracy by defendants,

5  and each of them, to desecrate a mother's explicit expressed will and violate a son's civil rights

6

7                    II. JURISDICTION & VENUE

8    6. This is a civil action authorized by 42 U.S.C. §1983 and 42 U.S.C. §1985(3) conspiracy, to

9  redress the deprivation, under color of state law, of rights secured by the Constitution of the United States.

10 The Court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief

11 pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by

12 28 U.S.C. Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure. This Court has

13 supplemental jurisdiction over plaintiff's state law claims under 28 U.S.C. Section 1367.

14   7. The Central District is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it

15 is where the events giving rise to this claim occurred.

16                    III. PLAINTIFFS

17   8. Plaintiff, Maurice Johnson, is and was at all times mentioned herein a prisoner of the

18 State of California in the custody of the California Department of Corrections and Rehabilitation,

19 confined in High Desert State Prison, in Susanville, California.

20                    IV. DEFENDANTS

21   9. Defendant, Dave Jones, State of California Insurance Commissioner, as administrator is legally

22 responsible for overseeing the insurance industry and protecting the state's insurance consumers,

23 regulating, investigating, and auditing insurance businesses to ensure that companies remain solvent

24 and meet their obligations to insurance policyholders and beneficiaries, enforces the laws of the

25 California Insurance Code and promulgates regulations to implement these laws.

26   10. Defendant, Michele Vass, Claims Manager of Conservation & Liquidation Office. On behalf

27 of Dave Jones, the CLO acts to rehabilitate and/or liquidate under Court supervision troubled in-

28 surance enterprises. The CLO operates as a fiduciary for the benefit of claimants handling the

                    3.

1  property of the failed enterprises in a prudent, cost-effective, fair, timely, and expeditious manner.
2  She is legally responsible for the processing and payment of claims.

3     11. California Life and Health Insurance Guarantee Association, function and legal responsibil-
4  ity is presently unknown to plaintiff but other defendants refer me to them to seek payment
5  of unpaid policy of life insurance policy. Plaintiff will seek discovery to ascertain capacity.

6     12. Defendant, A. Perez is the Associate Warden of High Desert State Prison. He is legally re-
7  sponsible for the law library operation and procedures of High Desert State Prison, and the welfare
8  of all the prisoners in that prison.

9     13. Defendant 1A American Life Insurance Company, assumed Golden State Mutual in-force
10  policies prior to their liquidation, defendants are legally responsible to pay life insurance policy
11  claims.

12     14. Each defendant is sued individually and in his or her official capacity. At all time men-
13  tioned in this complaint each defendant acted under the color of state law.

14

15                V. FACTS

16     15. Plaintiff deceased mother and insured policyholder, Mamie L. Johnson, entered into a
17  legally binding valid written contractual agreement for the policy of life insurance with defendant
18  Golden State Mutual Life Insurance Company, (hereafter GSM) under which both its primary obli-
19  gation and fiduciary duty was to pay out a specified sum of money upon the death of the in-
20  sured to donee beneficiaries designated in the policy.

21     16. In this instant case, insured policyholder, Mamie L. Johnson, specifically purchased GSM life
22  insurance Policy Number: 81305774 listing her three (3) children as beneficiaries per affidavit under
23  California Probate Code 13101: NASA A. RAY, MAURICE JOHNSON, and BRIAN P. NEWBURN. Insured
24  performed in all respects, paid the premiums on the policy regularly, and it was inforce in NOV.
25  2007 upon insured untimely death. "pled with particularity as required by Rule 2b."

26     17. At the time of accrual of the policy of life insurance plaintiff, Maurice Johnson, was and is
27  currently imprisoned, in execution under the sentence of a criminal court since 1996 for a current
28  term of 25 years to life for P.C. 484 E(C) and 470 B, (within the State) located at High Desert

State Prison, P.O. Box 3030, Susanville, CA 96127.

18. Defendant, GSM, with existing prevalent use of computers and myriad forms of other sophis-ticated informational technology advances, made no 'good faith' or 'with reasonable diligence' effort to either contact, disclose, or provide adequate reasonable notice to plaintiff of the actual existence of the aforementioned life insurance policy nor of beneficiary payment/money payable, held for and/or owed to plaintiff pursuant to said policy." pled with particularity as required by Rule 26."

19. Upon information and belief, defendant GSM's malicious oppression fraudulent concealment and bad faith breach of fiduciary duty occurring after being fully appraised and informed of plaintiff's actual location and whereabouts before, on, or about sometime in December 2009 by one or both of the other two named beneficiaries, as GSM tendered payment to both on Dec. 23, 2009, respectively.

20. Plaintiff, as named third-party beneficiary, who was specifically intended to receive direct and immediate financial benefit from the policy of insurance received no actual or constructive knowledge of facts from defendant GSM, (whose legal duty and fiduciary obligation was to dis-close them) of plaintiff's initial or continued right or entitlement to any insurance benefit or payment or the actual amount of benefit or payment which plaintiff is entitled." pled by Rule 26'

21. Upon discovery of the existence of the heretofore concealed life insurance policy in late January 2011, not by defendant GSM, who was legally bound to disclose the fact, but a since estranged third party.

22. Plaintiff, after obtaining the address of GSM, in early February 2011, mailed written cor-respondence identifying himself as the son of the deceased, provided additional personal family background information and requested benefit payment owed.

23. On March 21, 2011, plaintiff received a return letter, not from GSM as expected, but defendant IA American Life Insurance Company, (hereafter IA American) dated March 11, 2011, instructing plaintiff to fill out the enclosed provided Claimant's Statement Form and Life Benefit Claim Form, "... in order to complete our claims review." On April 10, 2011, plaintiff mailed back the completed, signed, and witnessed requested forms to IA American. (See Attached Exhibit A)

24. Plaintiff received no additional timely written return correspondence from IA American

5.

therefore, on June 1, 2011, plaintiff phoned the company directly and personally spoke with an agent Jason thereto, who among other things informed plaintiff, "The other two named beneficiaries were issued payment on December 23, 2009, everything is in order," verified plaintiff's current address and location then stated, "You will be receiving a check in approximately two weeks." "pled with particularity as required by Rule 26."

25. Plaintiff, after receiving neither the promised check as stated nor further written correspondence from defendant, IA American. On June 19, 2011, plaintiff, forwarded additional written correspondence detailing attempts made to obtain his benefit payment, of losing confidence and patience with the process and this would be plaintiff's last informal written attempt at obtaining benefit payment owed before seeking legal action. (See Attached Exhibit B )

26. Coincidently, it was only then, that plaintiff finally received additional written communication, not from IA American, but defendant, Michele Vass, Claims Manager of Conservation & Liquidation Office (hereafter CLO) dated July 8, 2011. (See Attached Exhibit C)

27. Plaintiff, in the custody of High Desert State Prison, who has complete and direct control over the administration of plaintiff's trust account and is directly responsible for the accurate accounting and recording of all deposits and/or withdrawals. ( See Attached Trust Account Statement from November 1, 2007 to present Exhibit D )

28. Plaintiff, astonished and bewildered, replied to defendants, Michele Vass and IA American new revelations on July 25, 2011, seeking to be provided with an official legal copy of the deceased life insurance policy and demanded payment, including accrued interest, (information defendant was legally bound to disclose to plaintiff) as beneficiary of said policy to protect his legal beneficial interests of a policy of insurance. ( See Attached Exhibit E )

29. Plaintiff, after receiving no further timely written response from defendant, Vass, on Sept. 8, 2011, again sought to obtain pertinent information from the defendant which she was legally bound to disclose concerning the discrepancy and/or problem related to the payment of his mother's policy in full. (See Attached Exhibit F )

30. Plaintiff received no further written communication from either defendant Michele Vass of CLO, the National Organization of Life and Health Guaranty Association, (hereafter NOLHGA)

6.

nor" your state's life and health guaranty association" which defendant Vass represented would be contacting plaintiff, "Within the next 45 days... Shortly after receipt of the file... will contact you to resolve this matter." (See Attached Exhibit C)

31. On September 28, 2011, plaintiff wrote a letter to the Superior Court of the State of California, Los Angeles County who was alleged to have granted California Insurance Commissioner Dave Jones' motion for the liquidation of GSM, outlining the problem he was facing in an attempt to receive assistance from the Court in obtaining fraudulent and illegally withheld benefit payment and necessary legal forms to file a complaint against defendants, GSM, IA American, and Conservation & Liquidation Office (CLO). In addition to contact information for Dave Jones, California Insurance Commissioner and NOLHGA. (See Attached Exhibit G)

32. On October 27, 2011, plaintiff, after obtaining the address from the prison law library forwarded a letter to defendant Dave Jones, California Insurance Commissioner detailing the problem of the fraudulent and illegal non-payment of a valid life insurance claim. Plaintiff has never received return correspondence from defendant who he has a legal duty "to ensure that companies remain solvent and meet their obligations to insurance policyholders and beneficiaries." (See Attached Exhibit H)

33. Upon information and belief, plaintiff, becoming exceedingly frustrated with the lack of common courtesy and professionalism sent a copy of this exact letter to a friend to be emailed to defendant Michele Vass, Claims Manager of CLO. (See Attached Exhibit I)

34. Plaintiff, after not receiving return written correspondence from defendant, Michele Vass, on December 5, 2011, forwarded a letter to defendant, IA American, outlining the lack of communication and information received from defendant Michele Vass and requested answers to five (5) specific questions. (See Attached Exhibit J)

35. Plaintiff, through research discovered that pursuant to California state law, unclaimed life insurance escheat to the state if unclaimed and unpaid for more than three (3) years after the funds became due. Therefore, on January 8, 2012, plaintiff mailed written correspondence to California State Controller's Office Unclaimed Property Divison. (See Attached Exhibit K) Including responding correspondence of February 14, 2012, stating they were unable to locate any property.

36. On January 15, 2012, plaintiff received return written correspondence from his letter dated

December 5, 2011, from defendant Meribeth Van Aalasburg, Life Administration of I A American who stated, "Since the Liquidation Office has the file they should be able to provide you with answers to your questions. However, there is not a statutory time limit in which to file a life insurance claim" "pled with particularity as required by Rule 26" (See Attached Exhibit L)

37. Plaintiff, after discovering that CLO was in possession of 'the file' forwarded additional written correspondence to defendant Michele Vass of CLO on January 29, 2012 along with a letter Plaintiff received from an attorney seeking answers to specific information, but plaintiff could not provide because of defendants and each of them malicious oppression and fraudulent conceal-ment of facts plaintiff was entitled to know. ( See Attached Exhibit M ) "pled with particulari-ty as required by Rule 26."

38. Plaintiff, finally received return correspondence from defendant, Michele Vass of CLO disclos-ing none of the answers to his previous questions and basically, yet again passed accountability and responsibility, to now defendant, California Life and Health Insurance Guarantee Association (hereafter CLHIGA) informing plaintiff, astonishingly," I trust CLHIGA will contact you as soon as practicable. Please be patient. As is often the case with insurance company liquidations, accessing records is some times challenging," also, "Please direct any further correspondence to: California Life and Health Insurance Guarantee Association, P.O. Box 16860, Beverly Hills, CA 90201-3319" dated February 2, 2012. ( See Attached Exhibit N ) "pled with particularity as required by Rule 26."

39. On March 4, 2012, plaintiff forwarded written correspondence to now, CLHIGA with no re-turn reply. (See Attached Exhibit O )

40. Plaintiff, on May 29, 2012, filed a formal complaint with the State of California Depart-ment of Insurance, outlining everything contained within this instant complaint. On June 5, 2012 defendants stated," The referenced insurance company has been placed under the con-trol of this Department's Conservation & Liquidation Division. Subsequently we are unable to assist you further with your dispute with this company." ( See Attached Exhibit P )

41. Plaintiff, has been actively seeking professional as well as other outside sources to help in protecting his constitutionally guaranteed right to inherit personal property. Including attempt-ing to utilize prison resources which are non-existant as it relates to insurance, probate, and

civil law. Additionally, plaintiff been denied physical law library access or paging that's remotely sufficient to research and convey to the courts the exact violations of statutes and regulations the defendants violated. Plaintiff has exhausted an appeal concerning High Desert State Prison's inadequate law library access and materials. (See Attached Exhibit Q )

42. On September 6, 2012, plaintiff submitted information pursuant to Title 5 United States Code, Sections 552, 552a which was ignored by defendant CLHIGA. (See Attached Exhibit R ) "pled with particularity as required by Rule 26"

43. On October 8, 2012, plaintiff mailed written correspondence to defendant Department of Insurance informing the Associate Insurance Compliance Officer Esther Maston, that CLHIGA is not returning my correspondence and questioned if GSM has been placed under the control of CLO, why was he being directed to correspond with CLHIGA. Plaintiff further sought information on contact information of persons who could help him with problems he faced. (See Attached Exhibit S ) "pled with particularity as required by Rule 26"

44. On October 8, 2012, plaintiff mailed defendant, Maribeth Van Aalsburg Life Administration of IA American correspondence informing her of the lack of progress attained in obtaining my outstanding owed beneficiary payment and requested any help she could provide in her official capacity. (See Attached Exhibit T )

45. On October 9, 2012, plaintiff mailed written correspondence to defendant, Michele Vass, of CLO informing her of the lack of progress made on receiving beneficiary payment or information to protect my beneficial and legal interests in a policy of insurance. The lack of CLHIGA response to any of my written correspondence and requested any help she could provide in her official capacity. (See Attached Exhibit U )

46. As a direct result of defendants, Dave Jones, Insurance Commissioner; Michele Vass, Claims Manager of CLO, Department of Insurance, IA American, GSM, CLHIGA, and their agents or employees above stated acts or omissions to act, defendants and each of them, plaintiff alleges was the legal cause of damages suffered including "economic damages" loss of use of property, loss of potential investment earnings, lost of interest earnings, loss of liberty to pay for and obtain private counsel to seek resentencing pursuant to section 1170.126 added to the Penal Code by

1  Proposition 36; "non-economic damages" inconvenience the ability to purchase canteen items, food,
2  hygeine, clothing; to purchase and receive quarterly packages, mental suffering, emotional distress,
3  and humiliation. Plaintiff is seeing mental health personnel weekly to help cope with the egregious
4  and 'shocks the conscience' conspiracy to desecrate a mother's explicit expressed will and to
5  maliciously violate a son's protected civil rights, in addition to assisting to help plaintiff cope
6  with the anxieties of possibly not inheriting the benefit payment from his deceased mother be-
7  cause of his incarceration. Plaintiff has experienced unexplained weight loss going from 225 lbs to now
8  189 lbs and difficulties sleeping.
9

10                          VI. EXHAUSTION OF LEGAL REMEDIES
11  / 47. Plaintiff, Johnson, used the prisoner grievance procedure available at High Desert State
12  Prison to try and solve the problem of law library access and material. On February 6, 2012 plain-
13  tiff Johnson presented the facts relating to the pertinent part of this complaint. Johnson's appeal
14  and grievance are attached as Exhibit Q.
15

16                             VII. LEGAL CLAIMS
17     48. Plaintiff reallege and incorporate by reference paragraphs 1-48.
18     49. Plaintiff alleges defendants GSM, Dave Jones, Michele Vass of CLO, IA American, CLHGA
19  their agents or employees Does 1-5 knowingly and willfully concealed and failed to disclose the
20  occurrence of an event that affected plaintiff's initial and continued right or entitlement to any
21  insurance benefit or payment, or the amount of any benefit or payment to which plaintiff is en-
22  titled In violation of California Insurance Code §10172.5; subdivision (h) 1, 2, 3, 4, 5, and 9 of section
23  790.03; 14th Amendment U.S. Constitution 'Due Process' and 'Equal Protection' Clauses; state law claims
24  of both Intentional and General Negligence; Fraud; Intentional and Negligent Infliction of Emotional
25  Distress; Professional Negligence; Negligent Breach of Contract and Sections 1, 7(a), 15, and 24 of
26  Article I of the California Constitution; and other applicable related statutes and regulations concern-
27  ing disclosure and payment of life insurance policies.
28     50. Plaintiff alleges that defendant IA American defrauded plaintiff by Promise Without Intent

                                      10.

1   to Perform as stated in paragraphs 23 and 24.

2   51. Plaintiff alleges that defendants, GSM, Dave Jones, IA American, Michele Vass and CLHIGA
3   defrauded plaintiff by concealing and/or suppressing material facts defendants and each of them
4   was legally bound to disclose and by telling plaintiff other facts to mislead plaintiff and prevent
5   plaintiff from discovering the concealed or suppressed facts violated plaintiff rights, and constituted
6   a deprivation of life, liberty, or property without due process of law and a violation of state law
7   cause of action for fraud "reallege paragraph 49".

8   52. Plaintiff alleges that defendants GSM, Dave Jones, IA American, Michele Vass, CLHIGA actively
9   conspired to deprive plaintiff of constitutional right to inherit personal in violation of 42 U.S.C. §
10  1985(3) 14th Amendment to the U.S. Constitution and sections 1, 7(a),15, and 24 of Art.1 Cal. Constitution.

11  53. Plaintiff alleges that defendants GSM, Dave Jones, IA American, Michele Vass, CLHIGA, and
12  Does 1-5 actions was the legal (proximate) cause of damages to plaintiff. By their collective acts
13  or omissions to act described in paragraphs 1-52 defendants and each of them maliciously,
14  intentionally and negligently caused damage to plaintiff in violation of state law claims for "reallege
15  paragraph 49".

16  54. Plaintiff alleges defendants GSM, Dave Jones, IA American, Michele Vass, CLHIGA, and Does
17  1-5 are guilty of malice, fraud, oppression as defined in Civil Code section 3294 and plaintiff
18  should recover, in addition to actual damages, damages to make an example of and punish defend-
19  ants.

20  55. Plaintiff alleges that defendant A. Perez policy of only allowing PLU prisoners law library
21  access and not having Civil Code, Insurance Code, Government Code, or Probate Code has effec-
22  tively hindered and is presently hindering my ability to present my legal claims and quote
23  specific statutes regulations and laws violated. constituting a violation of U.S. Constitution
24  1st and 6th Amendments "access to court" and California State Constitution section 3 of
25  Article I. "right to petition government for redress of grievances.

26  56. Plaintiff alleges that defendant Dave Jones, as California Insurance Commissioner, had a
27  legal duty to enforce the laws of the California Insurance Code and promulgates regulations to imple-
28  ment these laws and to ensure that companies remain solvent and meet their obligations to insur-

ance policy holders and beneficiaries. Defendants refusal to act or respond to my letter or complaint constituted a breach of that duty causing plaintiff to suffer injury and violated plaintiffs 14th Amendment right to inherit, own, sell, or convey real or personal property" under the United State Constitution and constituted a state law tort for Professional Negligence as well as a violation of sections 1, 7(a), 15, and 24 of Article I of the California Constitution.

57. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgement granting plaintiff:

58. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States as well as rights under the Constitution and laws of California.

59. A preliminary and permanent injunction ordering defendant Dave Jones California Insurance Commissioner to provide illegally withheld funds/payment from the liquidation of GSM for the benefit of plaintiff immediately plus accrued interest since the deceased death in Nov. 2007

60. A preliminary and permanent injunction ordering defendant A. Perez Associate Warden of High Desert State Prison to transfer plaintiff to another prison with an adequate law library to enable meaningful research materials and equipment to ensure meaningful access to courts of non-frivolous claims.

61. Compensatory damages in the amount of $5,000.00 five thousand dollars no/cents against each defendant; jointly and severally.

62. Punitive damages in the amount of $50,000.00 fifty thousand dollars no/cents against each defendant, jointly and severally to make an example of and punish defendants.

63. A jury trial on all issues triable by jury

64. Plaintiff's costs in this suit

12.

65. Any additional relief this Court deems just, proper, and equitable.

Dated: January 6, 2013

Respectfully submitted,
Maurice Johnson
D-68642
High Desert State Prison
P.O. Box 3030
Susanville, CA  96127

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Susanville, California, on January 6, 2013

Maurice Johnson
Maurice Johnson

# EXHIBIT   A

# **A** AMERICAN

LIFE INSURANCE COMPANY
P.O. Box 25670 Scottsdale AZ, 85255
American Health and Life Insurance Company (800) 711-3454
Golden State Mutual (800) 225-5476

March 11, 2011

MAURICE JOHNSON D-68642
HIGH DESERT STATE PRISON D2-105
P.O. BOX 3030
SUSANVILLE, CA  96127

Re:   Policy Number:          81305774
      Insured:                MAMIE JOHNSON
      Beneficiairies per Affidavit
      Under California Probate Code 13101:  NASA RAY, MAURICE JOHNSON, BRIAN
                                            NEWBURN

Dear Sir:

Thank you for your recent request and for the opportunity to be of service.

In review in the above listed pending claim, we show that the following marked items are needed in order to complete our claims review:

☐  A certified death certificate with the original seal.

☒  A Claimant's Statement Form completed and signed by you. (This form must be witnessed by a non-relative).

☒  Life Benefit Claim Form.

☐  The entire original policy.  (**If** the policy cannot be located, please complete the enclosed Lost Policy Affidavit).

☐  A copy of the obituary, if one is available

☐  Statement of Kinship completed by all surviving children

☐  Primary beneficiary's Death Certificate

If you have any questions or need assistance you may call our office. Our office hours are 7am to 2pm Monday through Thursday and 8am to 12pm on Friday, MST.  You may also email our client service professionals at CSR@iaamerican.com.

Sincerely,
Life Administration

# EXHIBIT   B

Maurice Johnson, D-68642
High Desert State Prison, D2-201
P.O. Box 3030
Susanville, CA   96127

June 19, 2011

American Health and Life Insurance Company
P.O. Box 25670
Scottsdale, AZ   85255

Re: Policy Number: 81305774
    Insured: MAMIE L. JOHNSON

To: Life Administration Dept.

Dear Sir/Madam:

I originally sought resolution of the issuance of payment of policy number 81305774 approximately sometime in early February. Expressing displeasure at the lack of professionalism of your sister company in their due diligence to notify and/or forward my beneficiary payment to me. Especially, in light of the fact, that payments were issued to both of the other beneficiaries; Nasa A. Ray and Brian P. Newburn respectively, on December 23, 2009. I formally request to be provided with the interest which has accrued since the insured passing in November 2007 until the present on the above mentioned benefit payment.

On April 10, 2011, I returned the requested completed, singed, and witnessed Claimant's Statement Form and Life Benefit Claim Form per request from your letter to me dated March 11, 2011. After not receiving a return reply from your company, I called on June 1, 2011, and spoke with an agent Jason, who was both helpful and professional. Informing me that everything was in order, verified my current location and stated that I would be receiving a check in approximately two weeks. It's now June 19, 2011, and I still have yet to receive anything from your company. I am quickly losing patience with this exceedingly slow process. This will be my last formal written attempt at obtaining my benefit payment before seeking legal action.

Thanking you in advance for your prompt attention to this matter.

Sincerely,

Maurice Johnson

# EXHIBIT   C



**Our Mission**
*On behalf of the Insurance Commissioner, the CLO acts to rehabilitate and/or liquidate, under Court supervision, troubled insurance enterprises. The CLO operates as a fiduciary for the benefit of claimants, handling the property of the failed enterprises in a prudent, cost-effective, fair, timely, and expeditious manner.*

P.O. Box 26894
San Francisco, California
94126-0894
Tel: 415.676.5000
Fax: 415.676.5002
www.caclo.org

## CONSERVATION & LIQUIDATION OFFICE

July 8, 2011

Maurice Johnson, D-68642
High State Desert Prison D2-105
Post Office 3030
Susanville, CA 96127

Re: Golden State Mutual Life Insurance Company in Liquidation
Policyholder: Mamie L. Johnson
Policy Number: 81305774

Dear Mr. Johnson:

On January 28, 2011 the Superior Court of the State of California, Los Angeles County granted California Insurance Commissioner Dave Jones' motion for the liquidation of Golden State Mutual Life Insurance Company. We are the commissioner's court approved liquidation representatives.

IA American forwarded your letter of June 19, 2011 to me for a response.

Prior to liquidation all Golden State Mutual (GSM) in-force policies were assumed by IA American. Unfortunately, the above referenced policy was not included in the in-force policy group as GSM's electronic records showed the policy as paid out.

Within the next 45 days all pending policy related matters not assumed by IA American will be transferred to the National Organization of Life and Health Guaranty Associations (NOLHGA) for further handling. Your claim will be among this group. Shortly after receipt of the file, NOLGHA or your state's life and health guaranty association will contact you to resolve this matter.

You may reach me at the above address or by telephone at (415) 676-2101. My email address is: vassm@caclo.org

Very truly yours,

Michele Vass
Claims Manager

# EXHIBIT    D

RECEIVED
11/28/12

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| JOHNSON | MAURICE | D-68642 | Maurice Johnson |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM_____ TO_____ | TOPIC(I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| Z-177 | | | TRUST ACCOUNT STATEMENT |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

I WISH TO ASCERTAIN THE PROCEDURE OR PROCESS OF EITHER OBTAINING A COMPLETE CERTIFIED RECORD OF MY TRUST ACCOUNT ACTIVITY FROM NOVEMBER 2007 TO PRESENT OR A CERTIFIED STATEMENT FROM THIS OFFICE VERIFYING THE FACT THAT I NEVER RECEIVED A CHECK ISSUED IN MY NAME FROM GOLDEN STATE MUTUAL LIFE INSURANCE COMPANY. I AM IN THE PROCESS OF FILING A LAWSUIT AND NEED THIS INFORMATION AS EXHIBIT(S) THAT I NEVER RECEIVED PAYMENT FROM THE ABOVE STATED COMPANY.
                    THANK YOU

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☐ SENT THROUGH MAIL: ADDRESSED TO: TRUST ACCOUNT OFFICE P.A-     DATE MAILED: 11 / 28 / 12

☑ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? |
|---|---|---|---|
| M ARTIU | 11-25-12 | | (CIRCLE ONE) YES **NO** |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: |
|---|---|---|
| Im Johnson D68642 | 11/28/12 | (CIRCLE ONE) IN PERSON BY **US MAIL** |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| El Wagon | 11/28/12 | Eli | 11/28/12 |

See attachments

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| | |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| | | | |

Distribution: Original - Return to Inmate/Parolee; Canary - Inmate/Parolee's 2nd Copy; Pink - Staff Members Copy; Goldenrod - Inmate/Parolee's 1st Copy.

# Inmate Statement Report

| CDCR# | Inmate/Group Name | Institution | Unit | Cell/Bed |
|-------|-------------------|-------------|------|----------|
| ████████ | JOHNSON MAURICE | HDSP | | ████████ |

**Current Available Balance:**          $0.00

## Transaction List

| Transaction Date | Institution | Transaction Type | Source Doc# | Receipt#/Check# | Amount | Account Balance |
|------------------|-------------|------------------|-------------|-----------------|--------|-----------------|
| 11/01/2007 | HDSP | BEGINNING BALANCE | | | | $0.00 |
| 11/03/2008 | HDSP | CONVERSION | Conversion | 1 | $39.35 | $39.35 |
| 11/10/2008 | HDSP | EFT DEPOSIT | 91005 | 26 | $50.00 | $89.35 |
| 11/10/2008 | HDSP | RESTITUTION FINE PAYMENT | | | ($25.00) | $64.35 |
| 11/10/2008 | HDSP | ADMINISTRATIVE FEE | | | ($2.50) | $61.85 |
| 11/15/2008 | HDSP | SALES | 21 | | ($33.80) | $28.05 |
| 11/19/2008 | HDSP | SALES | 21 | | ($28.05) | $0.00 |
| 01/26/2009 | HDSP | RESTITUTION FINE PAYMENT | | | $25.00 | $25.00 |
| 01/26/2009 | HDSP | ADMINISTRATIVE FEE | | | $2.50 | $27.50 |
| 02/03/2009 | HDSP | EFT DEPOSIT | 91090 | 330 | $70.00 | $97.50 |
| 02/03/2009 | HDSP | LEGAL COPY | 1/6/09 | | ($1.00) | $96.50 |
| 02/03/2009 | HDSP | LEGAL MAIL | 01/09/09 | | ($4.80) | $91.70 |
| 02/03/2009 | HDSP | LEGAL MAIL | 01/09/09 | | ($1.85) | $89.85 |
| 02/10/2009 | HDSP | EFT DEPOSIT | 91097 | 367 | $200.00 | $289.85 |
| 02/10/2009 | HDSP | SALES | 19 | | ($180.00) | $109.85 |
| 03/02/2009 | HDSP | EFT DEPOSIT | 91115 | 449 | $50.00 | $159.85 |
| 03/10/2009 | HDSP | SALES | 6 | | ($135.40) | $24.45 |
| 03/11/2009 | HDSP | SALES | 12 | | ($24.45) | $0.00 |
| 06/15/2009 | HDSP | EFT DEPOSIT | 91221 | 1056 | $150.00 | $150.00 |
| 06/17/2009 | HDSP | SALES | 20 | | ($146.85) | $3.15 |
| 06/19/2009 | HDSP | SALES | 36 | | ($3.15) | $0.00 |
| 06/25/2009 | HDSP | MISC. INCOME (EXEMPT) | 04-839131 | 1133 | $180.00 | $180.00 |
| 07/01/2009 | HDSP | SALES | 26 | | ($30.00) | $150.00 |
| 07/06/2009 | HDSP | MEDICAL COPAY | DENT 7/15/09 | | ($5.00) | $145.00 |
| 07/20/2009 | HDSP | EFT DEPOSIT | 91254 | 1233 | $100.00 | $245.00 |
| 07/20/2009 | HDSP | MEDICAL COPAY | DENT 6/18/09 | | ($5.00) | $240.00 |
| 08/05/2009 | HDSP | SALES | 27 | | ($180.00) | $60.00 |
| 08/10/2009 | HDSP | EFT DEPOSIT | 91277 | 1343 | $300.00 | $360.00 |
| 08/11/2009 | HDSP | SALES | 29 | | ($78.10) | $281.90 |
| 08/11/2009 | HDSP | SALES | 31 | | $18.50 | $300.40 |
| 08/12/2009 | HDSP | SALES | 50 | | ($120.40) | $180.00 |
| 09/14/2009 | HDSP | EFT DEPOSIT | 91313 | 1522 | $20.00 | $200.00 |
| 09/16/2009 | HDSP | SALES | 16 | | ($118.90) | $81.10 |
| 09/18/2009 | HDSP | SALES | 11 | | ($24.80) | $56.30 |

## Inmate Statement Report

| Transaction Date | Institution | Transaction Type | Source Doc# | Receipt#/Check# | Amount | Account Balance |
|---|---|---|---|---|---|---|
| 09/18/2009 | HDSP | SALES | 14 | | ($1.80) | $54.50 |
| 10/22/2009 | HDSP | SALES | 47 | | ($52.15) | $2.35 |
| 11/12/2009 | HDSP | SALES | 46 | | ($2.35) | $0.00 |
| 11/30/2009 | HDSP | EFT DEPOSIT | 91388 | 1882 | $200.00 | $200.00 |
| 12/03/2009 | HDSP | PAY - SUPPORT | 32 11/09 | | $12.00 | $212.00 |
| 12/15/2009 | HDSP | SALES | 41 | | ($160.95) | $51.05 |
| 12/21/2009 | HDSP | SALES | 13 | | ($19.05) | $32.00 |
| 01/07/2010 | HDSP | PAY - SUPPORT | 08 12/09 | | $10.92 | $42.92 |
| 01/13/2010 | HDSP | SALES | 16 | | ($28.35) | $14.57 |
| 01/14/2010 | HDSP | EFT DEPOSIT | 91433 | 2091 | $50.00 | $64.57 |
| 01/15/2010 | HDSP | SALES | 11 | | ($15.25) | $49.32 |
| 01/16/2010 | HDSP | SALES | 15 | | ($49.30) | $0.02 |
| 01/25/2010 | HDSP | EFT DEPOSIT | 91444 | 2151 | $150.00 | $150.00 |
| 02/05/2010 | HDSP | SALES | 19 | | ($87.10) | $62.92 |
| 02/05/2010 | HDSP | GROUP TRANSFER OUT | D 5 PIZZA | | ($53.00) | $9.92 |
| 02/09/2010 | HDSP | PAY - SUPPORT | .08 01/10 | | $9.36 | $19.28 |
| 02/12/2010 | HDSP | GROUP TRANSFER IN | D 5 PIZZA | | $53.00 | $72.28 |
| 03/03/2010 | HDSP | PAY - SUPPORT | 08 02/10 | | $2.60 | $74.88 |
| 03/11/2010 | HDSP | SALES | 18 | | ($74.85) | $0.03 |
| 04/13/2010 | HDSP | PAY - SUPPORT | 08 03/10 | | $4.16 | $4.19 |
| 04/14/2010 | HDSP | SALES | 45 | | ($4.15) | $0.04 |
| 04/15/2010 | HDSP | EFT DEPOSIT | 91524 | 2571 | $100.00 | $100.04 |
| 04/16/2010 | HDSP | SALES | 33 | | ($100.00) | $0.04 |
| 04/19/2010 | HDSP | EFT DEPOSIT | 91527 | 2579 | $200.00 | $200.04 |
| 04/21/2010 | HDSP | GROUP TRANSFER OUT | PHOTO D5 | | ($35.00) | $165.04 |
| 04/22/2010 | HDSP | SALES | 10 | | ($75.85) | $89.19 |
| 05/11/2010 | HDSP | PAY - SUPPORT | .10 4/10 | | $4.50 | $93.69 |
| 05/12/2010 | HDSP | SALES | 47 | | ($93.65) | $0.04 |
| 05/14/2010 | HDSP | EFT DEPOSIT | 91553 | 2723 | $40.00 | $40.04 |
| 06/09/2010 | HDSP | SALES | 48 | | ($39.90) | $0.14 |
| 06/14/2010 | HDSP | EFT DEPOSIT | 91583 | 2866 | $100.00 | $100.14 |
| 06/15/2010 | HDSP | SALES | 10 | | ($79.90) | $20.24 |
| 06/18/2010 | HDSP | SALES | 1 | | ($20.24) | $0.00 |
| 08/09/2010 | HDSP | PAY - SUPPORT | 32 07/10 | | $14.40 | $14.40 |
| 08/11/2010 | HDSP | SALES | 41 | | ($14.40) | $0.00 |
| 08/13/2010 | HDSP | PAY - SUPPORT | 32 05/10 | | $15.68 | $15.68 |
| 08/13/2010 | HDSP | PAY - SUPPORT | 32 06/10 | | $33.60 | $49.28 |
| 09/10/2010 | HDSP | SALES | 15 | | ($49.15) | $0.13 |
| 10/14/2010 | HDSP | PAY - SUPPORT | 32 09/10 | | $14.40 | $14.53 |
| 10/14/2010 | HDSP | PAY - SUPPORT | 32 08/10 | | $17.28 | $31.81 |
| 10/18/2010 | HDSP | EFT DEPOSIT | 91709 | 3275 | $40.00 | $71.81 |

# Inmate Statement Report

| Transaction Date | Institution | Transaction Type | Source Doc# | Receipt#/Check# | Amount | Account Balance |
|---|---|---|---|---|---|---|
| 10/20/2010 | HDSP | SALES | 22 | | ($67.15) | $4.66 |
| 10/23/2010 | HDSP | SALES | 11 | | ($4.65) | $0.01 |
| 11/22/2010 | HDSP | EFT DEPOSIT | 91744 | 3400 | $50.00 | $50.01 |
| 11/24/2010 | HDSP | SALES | 15 | | ($50.00) | $0.01 |
| 12/08/2010 | HDSP | PAY - SUPPORT | 32 11/10 | | $26.56 | $26.57 |
| 12/08/2010 | HDSP | PAY - SUPPORT | 32 11/10 | | $28.80 | $55.37 |
| 12/10/2010 | HDSP | PAY - SUPPORT | 32 10/10 | | $26.56 | $81.93 |
| 12/16/2010 | HDSP | SALES | 21 | | ($24.40) | $57.53 |
| 12/17/2010 | HDSP | PAY - SUPPORT | 32 11/10 | | ($26.56) | $30.97 |
| 12/20/2010 | HDSP | SALES | 2 | | ($9.90) | $21.07 |
| 12/22/2010 | HDSP | EFT DEPOSIT | 91774 | 3493 | $50.00 | $71.07 |
| 12/24/2010 | HDSP | SALES | 3 | | ($25.05) | $46.02 |
| 12/24/2010 | HDSP | GROUP TRANSFER OUT | FSALE D-2 | | ($46.00) | $0.02 |
| 01/03/2011 | HDSP | GROUP TRANSFER IN | FSALE D-2 | | $46.00 | $46.02 |
| 01/06/2011 | HDSP | PAY - SUPPORT | 32 12/10 | | $27.04 | $73.06 |
| 01/14/2011 | HDSP | SALES | 2 | | ($39.20) | $33.86 |
| 02/09/2011 | HDSP | SALES | 35 | | ($33.75) | $0.11 |
| 04/06/2011 | HDSP | PAY - SUPPORT | 32 3/11 | | $41.60 | $41.71 |
| 04/12/2011 | HDSP | SALES | 6 | | ($41.70) | $0.01 |
| 04/26/2011 | HDSP | INMATE DEPOSIT | 1409109328 | 3930 | $100.00 | $100.01 |
| 05/06/2011 | HDSP | PAY - SUPPORT | 32 04/11 | | $16.64 | $116.65 |
| 05/13/2011 | HDSP | SALES | 13 | | ($116.65) | $0.00 |
| 06/08/2011 | HDSP | PAY - SUPPORT | .32 5/11 | | $14.56 | $14.56 |
| 06/14/2011 | HDSP | SALES | 31 | | ($14.55) | $0.01 |
| 08/03/2011 | HDSP | PAY - SUPPORT | 32 06/11 | | $14.56 | $14.57 |
| 08/05/2011 | HDSP | PAY - SUPPORT | 32 07/11 | | $35.36 | $49.93 |
| 09/06/2011 | HDSP | SALES | 42 | | ($49.90) | $0.03 |
| 09/07/2011 | HDSP | EFT DEPOSIT | 92033 | 4636 | $120.00 | $120.03 |
| 09/08/2011 | HDSP | SALES | 18 | | ($120.00) | $0.03 |
| 10/07/2011 | HDSP | PAY - SUPPORT | 32 09/11 | | $18.72 | $18.75 |
| 10/19/2011 | HDSP | SALES | 48 | | ($18.75) | $0.00 |
| 10/31/2011 | HDSP | EFT DEPOSIT | 92086 | 4870 | $75.00 | $75.00 |
| 11/14/2011 | HDSP | LEGAL COPY | LC10/27/11 | | ($0.70) | $74.30 |
| 12/02/2011 | HDSP | MEDICAL COPAY | DENT 11/29/11 | | ($5.00) | $69.30 |
| 12/06/2011 | HDSP | PAY - SUPPORT | 32 10/11 | | $22.88 | $92.18 |
| 12/14/2011 | HDSP | SPO WITHDRAWAL | 4QTR-ACCESS | 215322 | ($73.60) | $18.58 |
| 12/14/2011 | HDSP | IWF FEE | 4QTR-ACCESS | | ($6.86) | $11.72 |
| 12/23/2011 | HDSP | SPO WITHDRAWAL | HDSP-SUTHERN COMFORT | 215358 | ($2.00) | $9.72 |
| 02/03/2012 | HDSP | SPO WITHDRAWAL | HDSP-BEYOND THE WALL | 215567 | ($7.00) | $2.72 |

## Inmate Statement Report

| Transaction Date | Institution | Transaction Type | Source Doc# | Receipt#/Check# | Amount | Account Balance |
|---|---|---|---|---|---|---|
| 02/03/2012 | HDSP | IWF FEE | HDSP-BEYOND THE WALL | | ($0.70) | $2.02 |
| 02/21/2012 | HDSP | LEGAL MAIL | LM2/17/12 | | ($2.02) | $0.00 |
| 04/10/2012 | HDSP | EFT DEPOSIT | 92249 | 5436 | $175.00 | $175.00 |
| 05/03/2012 | HDSP | SALES | 26 | | ($174.99) | $0.01 |
| 05/08/2012 | HDSP | EFT DEPOSIT | 92277 | 5544 | $235.00 | $235.01 |
| 05/09/2012 | HDSP | SALES | 31 | | ($45.00) | $190.01 |
| 05/15/2012 | HDSP | SALES | 21 | | ($163.15) | $26.86 |
| 05/15/2012 | HDSP | SALES | 27 | | ($26.85) | $0.01 |
| 06/04/2012 | HDSP | PAY - SUPPORT | 32 04/12 | | $10.40 | $10.41 |
| 06/05/2012 | HDSP | SALES | 29 | | ($10.41) | $0.00 |
| 06/06/2012 | HDSP | PAY - SUPPORT | 32 05/12 | | $45.76 | $45.76 |
| 06/11/2012 | HDSP | EFT DEPOSIT | 92309 | 5653 | $150.00 | $195.76 |
| 06/12/2012 | HDSP | SALES | 16 | | ($130.75) | $65.01 |
| 06/13/2012 | HDSP | GROUP TRANSFER OUT | D2 201 FS | | ($64.00) | $1.01 |
| 06/21/2012 | HDSP | SALES | 32 | | ($1.01) | $0.00 |
| 07/06/2012 | HDSP | PAY - SUPPORT | 32 06/12 | | $43.68 | $43.68 |
| 07/10/2012 | HDSP | SALES | 48 | | ($40.25) | $3.43 |
| 07/11/2012 | HDSP | SALES | 28 | | ($3.43) | $0.00 |
| 07/13/2012 | HDSP | EFT DEPOSIT | 92343 | 5747 | $175.00 | $175.00 |
| 07/13/2012 | HDSP | SALES | 34 | | ($174.99) | $0.01 |
| 08/14/2012 | HDSP | MEDICAL COPAY | DENT 8/7/12 | | ($0.01) | $0.00 |
| 09/05/2012 | HDSP | PAY - SUPPORT | 32 07/12 | | $47.04 | $47.04 |
| 09/05/2012 | HDSP | MEDICAL COPAY | DENT 8/7/12 | | ($4.99) | $42.05 |
| 09/11/2012 | HDSP | SALES | 4 | | ($41.78) | $0.27 |

### Encumbrance List

| Encumbrance Type | Transaction Date | Amount |
|---|---|---|
| Other Encumbrance | 10/10/2012 | $0.27 |

### Obligation List

| Obligation Type | Court Case# | Original Owed Balance | Sum of Tx for Date Range for Oblg | Current Balance |
|---|---|---|---|---|
| ARTIFICIAL APPLIANCE | PARTAIL UPPER | $110.00 | $0.00 | $109.73 |
| MEDICAL COPAY | MED 11/14/12 | $5.00 | $0.00 | $5.00 |

### Restitution List

| Restitution | Court Case# | Status | Original Owed Balance | Interest Accrued | Sum of Tx for Date Range for Oblg | Current Balance |
|---|---|---|---|---|---|---|
| RESTITUTION FINE | YA026755 | Fulfilled | $200.00 | $0.00 | $0.00 | $0.00 |

# EXHIBIT   E

Maurice Johnson, D-68642
High Desert State Prison D2-201
Post Office Box 3030
Susanville, CA  96127

July 25, 2011

Re: Golden State Mutual Life Insurance Company in Liquidation/IA American
Life Insurance Company

Policy Number:                  81305774
Insured:                        MAMIE L. JOHNSON
Beneficiaries per Affidavit
Under California Probate Code 13101: NASA RAY, MAURICE JOHNSON, BRIAN
NEWBURN

Dear Mrs. Vass:

Due to the incompetency, inefficiency, and unprofessionalism of Golden State
Mutual (GSM), and then subsequently, IA American; I have presently been unlaw-
fully denied beneficiary payment entitled to me per Affidavit Under California
Probate Code 13101. Specifically, Policy Number: 81305774 Insured: MAMIE
JOHNSON.

The Life Insurance Policy of Mamie L. Johnson, my mother, has been contractu-
ally broken and illegally only partially paid out to the other two named
beneficiaries. The covenant established relative to being an actual named
beneficiary became both, a breach of fiduciary duty and breach of contract
in one action. Golden State Mutual Policy Number: 81305774, should have shown
in-force policy as it was only partially paid out. As of the above listed
date, I have not received any payment from either (GSM) nor IA American.
The error of (GSM) electronic records showing the policy as paid out specifi-
cally relates to a lack of diligence, fiduciary duty, oversight, and possible
malfeasance on the part of (GSM) and IA American. Their failure does not
and could not rest with me as named beneficiary of the policy, particularly
in light of the fact that unbeknownst to me the two other named beneficiaries
were paid on December 23, 2009.

Under a general assumpsit, my action & formal written request to you and
your represented Company is for the debt of the specific amount owed, in
addition to, any and all accrued interest since the insured passing in Nov.
2007. Further, as named beneficiary of Policy Number: 81305774, I am formally
requesting to be provided with either the original and/or an official legal
copy of said life insurance policy in its entirety.

I am extremely exasperated with the stall tactics, the transferring of duties
and responsibilities from one company to the next, and basically procrastinat-
ing on paying out the policy in full; when it is clear that ultimate responsi-
bility lay solely with IA American. I should not have to be dealing with
any other organization regarding payment of a Life Insurance policy, which
in all honesty, should have been resolved in it's entirety years ago.

If, in fact, it is the CLO Mission to operate as a fiduciary for the benefit of claimant's handling the property of the failed enterprises in a prudent, cost effective, fair, timely, and expeditious manner. I am in drastic need of your services. Nothing so denies a person liberty as the total absence of money.

No proceeding is now being or has been conducted in California for administration of the decedent's estate. All unsecured debts of the decedent have been paid. No other person has a right to the interest of the decedent in the described property. The Affiant declares under penalty of perjury under the law of the state of California that the foregoing is true.

Maurice Johnson
Claimant                                           Date: July 25, 2011

P.S. You stated in your correspondence to me that, "Within the next 45 days all pending policy related matters not assumed by IA American will be transferred to the National Organization of Life and Health Guaranty Associations (NOLHGA) for further handling. Your claim will be among this group. Shortly after receipt of the file, NOLHGA or your state's life and health guaranty association will contact you to resolve this matter."

If you are not in a position to bring resolution to the above matter why did IA American forward my letter addressed to them, to you for a response? I have no desire to wait another 45 seconds, let alone 45 days! Please assist me in understanding why IA American isn't responsible for paying out the life insurance policy it assumed from Golden State Mutual? I would like for you to include information on how I would go about lodging a complaint against IA American.

Thanking you in advance for your timely and expeditious attention to this pressing matter, as it was the decedent's request that I receive the benefits of her policy.

# EXHIBIT   F

September 8, 2011

Maurice Johnson, D-68642
High Desert State Prison D2-201
Post Office Box 3030
Susanville, California  96127

Re: Golden State Mutual Life Insurance Company in Liquidation/IA American
Life Insurance Company
Insured: Mamie L. Johnson
Policy No. 81305774

Dear Mrs. Vass:

On July 25, 2011, I responded to your letter dated July 8, 2011, wherein
IA/American forwarded my letter of June 19, 2011, to you for a response.
You stated, "Within the next 45 days all pending policy related matters
not assumed by IA American will be transferred to the National Organiza-
tion of Life and Health Guaranty Associations (NOLHGA) for further han-
dling. Your claim will be among this group..."

Mrs. Vass, it is now September 8, 2011, 43 business and 61 actual days
since your letter to me dated July 8, 2011, and I have yet to receive any
return correspondence from either you, nor anyone else for that matter,
concerning Policy Number: 81305774. It's increasingly apparent that there
is some type of serious discrepancy and/or problem related to the payment
of the above policy. I am attempting to show patience in resolving this
matter formally. However, I'm receiving very little assistance in my ef-
forts to obtain information.

If, in fact, Golden State Mutual's electronic records showed my mother's
policy as paid out, please provide me with the following:

1. The paperwork or records to whom the benefits were paid and the date
payment was tendered.

2. As named beneficiary of Policy Number: 81305774, I request to be pro-
vided with either the original and/or an official legal copy of Mamie L.
Johnson's life insurance policy in it's entirety.

3. As I am currently incarcerated can I call the number you provided to
me collect in order to seek resolution to this continuing problem?

4. Lastly, I request to know the amount of the benefit payment owed to me.


Thanking you in advance for your timely and expeditious attention to this
most pressing matter, as it was the decedent's desire that I, Maurice John-
son, receive the benefits of her policy.

_Maurice Johnson_

Maurice Johnson
Claimant/Beneficiary

Date: September 8, 2011

# EXHIBIT G

Maurice Johnson, D-68642
High Desert State Prison   D2-201
Post Office Box 3030
Susanville, CA   96127

Los Angeles County, Superior Court
111 North Hill Street
Los Angeles, CA   90012

September 28, 2011

Re: Failure of Golden State Mutual Life Insurance Company in Liquidation and IA AMERICAN Life Insurance
    Company to issue payment of Policyholder: MAMIE L. JOHNSON Policy Number: 81305774 to MAURICE
    JOHNSON as one of three named Beneficiaries.

Dear Your Honor:

It's my understanding that this Court granted California Insurance Commissioner Dave Jones'
motion for the liquidation of Golden State Mutual Life Insurance Company. Presently, I have been
incarcerated since April 1996. My mother, Mamie L. Johnson, passed away in November 2007.
I was informed in January 2011, by a family member that I, in fact, was a named Beneficiary
of my mother's life insurance policy held by Golden State Mutual. Subsequently, in early February
2011, I wrote Golden State Mutual requesting to be provided with my beneficiary payment,
including all accrued interest since the deceased untimely passing in November 2007.

I received a letter from IA AMERICAN Life Insurance Company dated March 11, 2011, directing me
to fill out and complete the provided Claimant's Statement Form and Life Benefit Claim Form," in
order to complete our claims review." On April 10, 2011, I mailed back the completed, signed, and
witnessed requested forms to now IA AMERICAN. After receiving no return written correspondence
from IA AMERICAN; on June 1, 2011, I phoned and personally spoke with an agent Jason, who
informed me that everything was in order, verified my current location and stated, " You will
be receiving a check in approximately two weeks." After not receiving either a check or
additional written correspondence; on June 19, 2011, I sent a final letter to IA AMERICAN stating
this would be my last formal written attempt at obtaining my benefit payment before seeking
legal action.

Only then, did I receive a letter, not from IA AMERICAN, but from Michele Vass, Claims Manager of
Conservation & Liquidation Office dated July 8, 2011, which I replied to on July 25, 2011. After re-
ceiving no written response from Mrs. Vass, on September 8, 2011, I again attempted to obtain
information from Mrs. Vass concerning the discrepancy and/or problem related to the payment

1.

of my mother's policy in full. As of the above date, I have received no further written correspon-
dence from "the commissioner's Court approved liquidation representatives." informing me of
the status of my Beneficiary payment.

In Michele Voss' letter she stated, "Prior to liquidation all Golden State Mutual (GSM) in-
force policies were assumed by IA AMERICAN. Unfortunately, the above listed policy was not in-
cluded in the in-force policy group as (GSM) electronic records showed the policy as paid out."
In my letter of July 25, 2011, I responded: "The Life Insurance Policy of Mamie L. Johnson,
my mother, has been contractually broken and illegally only partially paid out to the other two
named beneficiaries. The covenant established relative to being an actual named beneficiary
became both, a breach of fiduciary duty and breach of contract in one action. Golden State
Mutual Policy Number: 81305774, should have shown **in-force policy** as it was only **partially
paid out.** As of the above listed date, I have not received any payment from either (GSM)
nor IA AMERICAN. The error of (GSM) electronic records showing the policy as paid out
specifically relates to a lack of diligence, fiduciary duty, oversight, and possible malfeasance
on the part of (GSM) and IA AMERICAN. Their failure does not and could not rest with me
as named beneficiary of the policy, particularly in light of the fact that unbeknownst to
me the two other named beneficiaries were paid on Dec. 23, 2009."

Your Honor, I wish to receive the benefit payment of my late mother's policy as it was
her desire that I receive them. Please provide me with the necessary legal forms
needed to file a lawsuit and a complaint against Golden State Mutual, I A
AMERICAN, and CONSERVATION & LIQUIDATION OFFICE.

Lastly, if at all possible, please forward the address to California Insurance Commission-
er Dave Jones and the National Organization of Life and Health Guaranty Associations
(NOLHGA) if these entities even exist.

Thanking you in advance for your valuable time in addressing this matter.

Sincerely,
Maurice Johnson

☆ THERE is NOTHING WE CAN DO FOR YOU HERE UNLESS
. YOU HAVE a CASE with the court. If YOU HAVE A
CASE Here then YOU NEED to file a motion with the
Court for beNefit PAYMENt and we will Schedule a
hearing with the Judge. IF YOU don't have a case filed with

# EXHIBIT   H

Maurice Johnson, D-68642
High Desert State Prison,   D2-201
Post Office Box 3030
Susanville, CA   96127

Dave Jones, California Insurance Commissioner
Department of Insurance Executive Office
45 Fremont Street 23rd Floor
San Francisco, CA     94105

October 27, 2011

RE: Golden State Mutual Life Insurance Company in Liquidation and IA American
Life Insurance Company Willful, Malicious and Bad Faith Refusal to Pay a
Valid Insurance Claim.
Policyholder: Mamie L. Johnson
Policy Number: 81305774

Dear Mr. Jones:

Golden State Mutual as First-Party Insurer and subsequently, IA American
as Second-Party Insurer, (when it assumed (GSM) in-force policies) breached
their collective implied duty of good faith and fair dealing by unreasonably,
and in bad faith, withholding payment of claim of its insured, Mamie L.
Johnson Policy Number: 81305774 to Maurice Johnson as named beneficiary of
said policy. Clearly violating subdivision (h) [1], [2], [3], [4], [5], and
[9] of §790.03 of the Insurance Code.

Presently, I have been incarcerated since April 1996. My mother, Mamie L.
Johnson, passed away in November 2007. I was informed in January 2011, by
an estranged family member that I, in fact, was a named Beneficiary of my
mother's life insurance policy held by Golden State Mutual. Subsequently,
in early February 2011, I wrote Golden State Mutual requesting to be provided
with my benefit payment, including all accrued interest since the deceased
untimely passing in November 2007.

I, then received a letter from IA American Life Insurance Company dated March
11, 2011, directing me to fill out and complete the provided Claimant's
Statement Form and Life Benefit Claim Form, "...in order to complete our
claims review." On April 10, 2011, I mailed back the completed, signed, and
witnessed requested forms to IA American. After receiving no return written
correspondence from IA American; on June 1, 2011, I phoned and personally
spoke with an Agent Jason, who informed me that everything was in order,
verified my current location and stated, "You will be receiving a check in
approximately two weeks." After not receiving either a check or additional
written correspondence; on June 19, 2011, I sent a final letter to IA American
informing them that this would be my last formal written attempt at obtaining
my benefit payment before seeking legal action.

Then, and only then, did I receive a letter, not from IA American, but Michele
Vass, Claims Manager of Conservation & Liquidation Office dated July 8, 2011,
which I responded to on July 25, 2011. After receiving no written response
from Mrs. Vass; on September 8, 2011, I again attempted to obtain information
from Mrs. Vass concerning the discrepancy and/or problem related to the pay-
ment of the insured policy in full. As of the above date, I have received
no further written correspondence from, "...the commissioner's Court approved
liquidation representatives..." informing me of the status of my benefit
payment and/or reasons for the denial of the claim.

# EXHIBIT I

email: vassm@caclo.org

Dear Mrs. Vass:

Presently, on two separate occasions, (July 25, 2011 and September 8, 2011) I mailed your office written correspondence, addressed to you personally, attempting to both ascertain the status of my beneficiary payment originally held by Golden State Mutual, then legally assumed by IA American; and to obtain a legal copy of Mamie L. Johnson's life insurance policy as named beneficiary of said policy.

I am uncertain if my perceived economic status, ethnicity, incarceration, or a combination thereof, has unwittingly played any role in the lack of assistance, information, and basic professionalism I've received from first IA American and then perplexingly from your office. Although, I can assure you that I can become exceedingly pertinacious when someone attempts to deprive me of money or property.

(GSM) then subsequently, IA American possessed a legal duty to perform by paying out a specified sum of money upon the death of insured Mamie L. Johnson pursuant to the contract of Policy Number: 81305774. Both companies either intentionally or unintentionally failed to live up to the duty of utmost care and loyalty in dealing with matters that are the subject of a **fiduciary duty** thereby, breaching that duty. In addition to failing, without legal justification, to perform as promised in a contract of insurance. Neither (GSM) nor IA American made any attempt to contact or issue payment to me as named beneficiary in spite of issuing payments to the two other named beneficiaries on December 23, 2009.

If the CLO truly operates as a fiduciary for the benefit of claimants I, Maurice Johnson, formally perfect a beneficial interest on insured: Mamie L. Johnson Policy Number: 81305774.

# EXHIBIT  J

Maurice Johnson
H.D.S.P., D2-201
P.O. Box 3030
Susanville, CA 96127

December 5, 2011

IA AMERICAN LIFE INSURANCE COMPANY
P.O. Box 25670
Scottsdale, AZ 85255

Re: Policy Number: 81305774
    Insured: MAMIE L. JOHNSON
    Beneficiaries per Affidavit
    Under California Probate Code 13101: NASA RAY, MAURICE JOHNSON, BRIAN
                                         NEWBURN

Dear Life Administration:

I originally sought formal resolution to the issuance of my individual benefit payment pursuant to the contractual written terms of policy number: 81305774 in early February 2011. Including all accrued interest since the insured untimely passing in November 2007. On April 10, 2011, I returned the requested completed, singed, and witnessed Claimant's Statement Form and Life Benefit Claim Form per request from your letter to me dated March 11, 2011, "...in order to complete our claims review." Instead of informing me of the problem or discrepancy associated with the issuance of payment with the pending claim your company instead decided to not provide me with any information. Choosing to forward my letter addressed to your office dated June 19, 2011, to Michele Vass, alleged Claims Manager of Conservation & Liquidation Office. Mrs. Vass has only responded to the initial letter dated June 19, 2011. Mrs. Vass has not returned any of my additional written correspondence including two letters dated July 25, 2011 and September 8, 2011. Additionally, I had a friend email Mrs. Vass, still to no avail.

If, as Mrs. Vass states, "Prior to liquidation all Golden State Mutual (GSM) in-force policies were assumed by IA American. Unfortunately, the above refer-in-force policies were assumed by IA American. Unfortunately, the above refer-enced policy was not included in the in-force policy group as GSM's electronic records showed the policy as paid out." please provide me with the following:

1. A copy of the records to whom the benefits were paid, the date payment was tendered, and a copy of the endorsed cashed check issued in my name.

2. As named beneficiary of Policy Number: 81305774, I request to be provided with an official legal copy of insured: Mamie L. Johnson's complete life insurance policy in its entirety.

3. I request to know the total amount of the benefit payment owed to me as named beneficiary of the above listed policy.

4. Is there a statutory time limit on the filing of a valid life insurance claim and/or a duty to inform beneficiaries of their benefits?

5. Lastly, I would like to be made aware of the reason[s] for the denial and/or withholding of payment of this valid claim?

Thanking you in advance for your timely and expeditious attention to this most pressing matter, as it was the decedent's desire that I, Maurice Johnson, receive the benefits of her policy.

Maurice Johnson
Beneficiary/Claimant                          Date: December 5, 2011

# EXHIBIT    K

Maurice Johnson, D-68642
H.D.S.P.,   D2-201
Post Office Box 3030
Susanville, CA  96127

January 8, 2012

STATE CONTROLLER'S OFFICE
UNCLAIMED PROPERTY DIVISION

2012 JAN 17  PM 1:00

California State of, Controllers Office
Unclaimed Property
300 Capitol Mall
Sacramento, CA  95814-4341

Re: Golden State Mutual Life Insurance Company in Liquidation and IA American
Fraudulent Nonpayment of Life Insurance Policy Number: 81305774 Policyholder:
Mamie L. Johnson and request for your official prescribed claim form.

Dear Sir:

Due to fraudulent concealment, nondisclosure, and possible malfeasance on
the part of Golden State Mutual Life Insurance Company and IA American Life
Insurance Company, I have been illegally denied my property rights of bene-
fit funds due pursuant to Golden State Mutual life insurance policy number:
81305774 policyholder: Mamie L. Johnson.

I have been, and is currently incarcerated, in execution upon conviction of
PC 484E for a term of life, since April 1996. My deceased mother and insured,
Mamie L. Johnson, passed away in November 2007 and the two other named bene-
ficiaries of said policy received their payment on December 23, 2009. I was
never informed of the existence of the policy until January 2011, not from
the insurance companies whose duty and fiduciary obligation was bound to
inform, but from an estranged family member. Since that time, I have been
receiving the run around and the transferring of responsibilities from one
organization to the next starting with IA American to Conservation & Liquida-
tion Office to National Organization of Life and Health Guaranty Associations
and still I have receive no payment or written correspondence from anyone
to resolve this matter as promised.

I have read that pursuant to Civil Procedure §1515 unclaimed life insurance
escheat to the State if unclaimed and unpaid for more than 3 years after
the funds became due. Please send your prescribed claim form per Civil Pro-
cedure § 1540.

Lastly, if life insurance corporations fail to report am I entitled to a
percentage of fines or penalties for the failure?

Sincerely,

Maurice Johnson
Claimant




# JOHN CHIANG
## California State Controller
### UNCLAIMED PROPERTY DIVISION
February 14, 2012

MAURICE JOHNSON  D-68642
HDSP D2-201
PO BOX 3030
SUSANVILLE, CA  96127

RE: Claim 3481981 - Unclaimed Property

Dear MAURICE JOHNSON  D-68642:

Thank you for your recent inquiry regarding unclaimed funds that may have been turned over to this office in the name(s) you requested to research. Based on the information you have provided, we have researched our files and are unable to locate any record of properties under the name(s) you submitted. It is possible we could locate property in the name(s) you submitted if we had more information. Information that may assist us in our search includes:

    All previously used names
    All previous addresses
    Social Security Number(s)
    Property Identification Number(s)
    Correspondence from the original company
    Information from the original company showing the property was sent to the State.
    Other:

We receive thousands of new unclaimed property accounts each year and suggest you contact this office annually to inquire if any unclaimed funds have been reported in your name. You may do this via our website at www.sco.ca.gov. If you would like to speak to one of our agents, we are available to assist you Monday through Friday, 8:00 to 5:00 Pacific Time. You can reach us at 1(800) 992-4647 or (916) 323-2827. There is no statute of limitations in filing abandoned property claims with the State Controller's Office.

Sincerely,

Research and Public Response Unit

# EXHIBIT L

 **AMERICAN**™

LIFE INSURANCE COMPANY

P.O. Box 25670 Scottsdale AZ, 85255
American Health and Life Insurance Company   (800) 711-3454      Golden State Mutual (800) 225-5476

January 5, 2012

Maurice Johnson, D68642
H.D.S. P.
PO Box 3030
Susanville, CA 96127

Re:   Policy Number:      81305774
      Insured:            Mamie L. Johnson

Dear Mr. Johnson:

Thank you for your letter regarding the above insurance policy.

Since this policy was handled prior to our assumption of the block of business, this would be handled by the California Liquidation Office. I have contacted Michele Vass who has assured me that she will look into this for you. I have also forward to her a copy of this letter.

Since the Liquidation Office has the file they should be able to provide you with answers to your questions. However, there is not a statutory time limit in which to file a life insurance claim.

If you have any questions, or if we can be of assistance in any way, please do not hesitate to call. Our toll free number is 1-800-225-5476.

Sincerely,

Meribeth Van Aalsburg
Life Administration

# EXHIBIT M

H.D.S.P.,    D2-201
P.O. Box 3030
Susanville, CA 96127

January 29, 2012

Michele Vass, Claims Manager
CONSERVATION & LIQUIDATION OFFICE
P.O. Box 26894
San Francisco, CA 94126-0894

Re: Golden State Mutual Life Insurance Company in Liquidation
Policyholder: Mamie L. Johnson
Policy Number: 81305774

Dear Mrs. Vass:

Since your refusal to either acknowledge receipt of and/or return any of
my written correspondence nor fulfill the alleged CLO Mission statement listed
in the left hand corner of your official letterhead, in November 2011 I ear-
nestly began writing to attorneys seeking legal representation to obtain
what I believe to be a sizable and substantial payment, but was unable to
provide adequate requested information. Therefore, on December 5, 2011 I
contacted IA American Life Administration seeking information to 5 specific
questions. Afterward, I will be able to make a intelligent decision to either
obtain a percentage of something, instead of presently, nothing.

Meribeth Van Aalsburg of IA American Life Administration informed me that
she contacted you and you assured her that you would look into this for me.
I also have been made aware that presently, Conservation & Liquidation Office
has the actual file.

If, in fact, Golden State Mutual's electronic records showed my late mother's
policy as paid out, please provide me with the following:

1. A copy of the records to whom the benefits were paid, the date payment
was tendered, and copy of the endorsed cashed check issued in my name.

2. As named beneficiary of Policy Number: 81305774, I request to be provided
with a official legal copy of insured Mamie L. Johnson's complete life insur-
ance policy in its entirety.

3. I request to be made aware of the total amount of the benefit payment
owed to me, plus accrued interest as named beneficiary of the above listed
policy.

4. Lastly, I request to be made aware of the actual date when payment of
this life insurance claim will be paid and if not, the reason[s] for the
denial and/or illegal withholding of payment of this valid claim.

Thanking you in advance for your timely and expeditious attention to this
most pressing matter.

Maurice Johnson
Beneficiary/Claimant

# EXHIBIT   N



On behalf of the Insurance Commissioner, the
CLO acts to rehabilitate and/or liquidate, under
Court supervision, troubled insurance
enterprises. The CLO operates as a fiduciary
for the benefit of claimants, handling the property
of the failed enterprises in a prudent, cost-
effective, fair, timely, and expeditious manner.

San Francisco, California
94126-0894
Tel: 415.676.5000
Fax: 415.676.5002
www.caclo.org

## CONSERVATION &
## LIQUIDATION OFFICE

February 2, 2012

Maurice Johnson, D-68642
H.D.S.P., D2-201
P.O. Box 3030
Susanville, CA 96127

Re: Golden State Mutual Life Insurance Company in Liquidation
Insured: Mamie Johnson
Policy Number: 81305774

Dear Mr. Johnson,

I acknowledge your letter of January 29, 2012.

As you were previously advised, this matter has been referred to the California Life and Health
Insurance Guarantee Association (CLHIGA). I have also forwarded your subsequent
correspondence.

Please direct any further correspondence to:

California Life and Health Insurance Guarantee Association
P.O. Box 16860
Beverly Hills, CA 90201-3319

I have also advised your cousin, Leanza Jones, that the matter has been referred to CLHIGA. I
have provided her with contact information and information regarding the file transfer.

I trust CLHIGA will contact you as soon as practicable. Please be patient. As is often the case
with insurance company liquidations, accessing records is sometimes challenging.

Very truly yours,

Michele Vass
Claims Manager

cc: CLHIGA

# EXHIBIT O

Maurice Johnson
H.D.S.P., D2-201
P.O. Box 3030
Susanville, CA 96127

March 4, 2012

California Life and Health Insurance Guarantee Association
P.O. Box 16860
Beverly Hills, CA 90201-3319

Re: Golden State Mutual Life Insurance Company in Liquidation and IA American
Life Insurance Company Willful, Malicious and Bad Faith Refusal to Pay a Valid
Insurance Claim.
Policyholder: Mamie L. Johnson
Policy Number: 81305774

Dear Sir/Madam:

Since early February 2011, after first being informed of the policy existence
in January 2011 by an estranged family member, I have been unsuccessfully
attempting to obtain beneficiary payment and accrued interest owed to me
pursuant to the above referenced life insurance policy as well as requested
information needed to provide to attorney's wishing to assist me in protecting
my legal and beneficial interests in a policy of insurance.

Everyone professionally associated with this particular life insurance claim
has dropped the ball at every turn, from Golden State Mutual's alleged elec-
tronic records showing the policy as paid out; the refusal of IA American
and Michele Vass, of Conservation & Liquidation Office to provide requested
information, which as named beneficiary of the life insurance policy I am
legally entitled to receive; to the repetitive transferring of duties and
responsibilities from one company to the next.

When can I expect payment of the life insurance claim or information necessary
for me to provide to attorney's willing to represent me in a lawsuit to obtain
what I personally believe to be a substantial and sizable payment, otherwise
why not just pay the valid claim, in light of the fact that payment was al-
ready issued to the other two named beneficiaries of the life insurance policy?

I would also like to be provided information on how to go about filing a
complaint with the insurance regulating authority, including contact infor-
mation. Pursuant to Cal.Ins.Code §10172.5 I should have received notice of
the life insurance policy existence as well as receipt of payment within
30 days of the death of the insured including any interest; additionally,
pursuant to Cal.Ins.Code §791.13 (r) I should have been provided with the
information I've requested.

Thanking you in advance for your expeditious and timely attention to this
most pressing matter, as it was the decedent's desire that I, Maurice Johnson,
receive the benefits of her life insurance policy.

Sincerely,

Maurice Johnson
Beneficiary/Claimant

# EXHIBIT    P

STATE OF CALIFORNIA                                          Dave Jones, Insurance Commissioner

DEPARTMENT OF INSURANCE
CONSUMER SERVICES AND MARKET CONDUCT BRANCH
CONSUMER SERVICES DIVISION
300 SOUTH SPRING STREET, SOUTH TOWER
LOS ANGELES, CA 90013
www.insurance.ca.gov
CCB-012 P
Revised: 01/03/2011



# REQUEST FOR ASSISTANCE

Name  Maurice Johnson, D-68642                         Work Phone  N/A

Address  P.O. Box 3030                                 Home Phone  N/A

City  Susanville                    Zip  96127

Before you file a complaint with the Department of Insurance, you should first contact the insurance company, agent or broker in an effort to resolve the issue(s). If you do not receive a satisfactory response, then complete this form, attach copies of any important papers that relate to your complaint and mail to address shown above.

Please be aware that a copy of this Request for Assistance and other documentation submitted by you may be provided to the insurance company, agent or broker unless you indicate that you do not want a copy of your correspondence forwarded by checking the box:

[ ]   **Do not forward a copy** of the completed form and the documentation provided. However, please contact the insurance company and investigate the complaint on my behalf.

1.  Complete name of insurance company involved:  Golden State Mutual Life Insurance
    IA American Life Insurance Company

2.  Type of Insurance:  Auto [ ]  Home [ ]  Life [x]  Health [ ]  Other [ ]  _____

3.  (a) Name of the policyholder if different from your name:
    Mamie L. Johnson

    (b) If a group policy, provide the group name:  N/A

4.  Policy identification or certificate number:
    81305774

5.  Claim number (if applicable)  _____

6.  Date loss occurred or began (if applicable)  November 2007

7.  Broker/Agent (if applicable)  unknown          Broker/Agent License number  unknown

    Street address  P.O. Box 25670      City/State  Scottsdale, AZ   Zip  85255

8.  Have you contacted the company, agent or broker?   Yes [x]   No [ ]
    If yes, state the date(s) and person(s) contacted  (See Attached Complaint)
                                            (Provide copies of all correspondence)

(COMPLETE REVERSE SIDE)

9.  Have you reported this to any other governmental agency?  Yes [X]   No [ ]
    If yes, please give:
    (1) Name of agency: _____ (See Complaint) _____

    (2) File number, if known: _____

10. Have you previously written to the Department of Insurance about this matter?
    Yes [ ]   No [X]   File number (if available) _____ Date _____

11. Is there attorney representation in this matter?  Yes [ ]   No [X]

12. Is a lawsuit currently on-going or pending?  Yes [ ]   No [X]   If yes, our ability to mediate this matter is
    limited, but we will investigate your inquiry for any regulatory issues.  We may defer the regulatory
    investigation until the finality of the litigation.  We ask that you still complete this form so we have a
    record of your issue.  Once the matter is concluded, we would welcome any information regarding
    violations of law by the insurer that you or your attorney are willing to provide.

13. Briefly, describe your problem (use additional paper if needed):

                      (See Attached Complaint/Request For Assistance)

14.  What do you consider to be a fair resolution to your problem?  Full payment of the policy
     including accrued interest, in addition to $ 2,500.00 for violations of reg-
     ulatory issues for non-payment of a valid life insurance claim.

_Maurice Johnson_____          May 29, 2012_____
        (Signature)                        (Date)

STATE OF CALIFORNIA
**DEPARTMENT OF INSURANCE**
CONSUMER SERVICES AND MARKET CONDUCT BRANCH
CLAIMS SERVICES BUREAU
300 SOUTH SPRING STREET
LOS ANGELES, CA 90013
www.insurance.ca.gov



June 05, 2012

Maurice Johnson
D-68642
P.O. Box 3030
High Desert State Prison, D2-201
Susanville, CA 96127

Our File Number: CSB-6745853
Regarding: California Life and Health Insurance Guarantee Association

Dear Mr. Johnson:

The referenced insurance company has been placed under the control of this Department's Conservation and Liquidation Division, (415) 676-5000. Subsequently we are unable to assist you further with your dispute with this company.

Please direct any correspondence to:
California Life and Health Insurance Guarantee Association
P.O. Box 16860
Beverly Hills, CA 90201-3319.

Although we cannot assist you further in this matter, we appreciate your contacting us with your concerns. If you have any questions on other insurance-related matters, a good source of information may be found on our internet website at www.insurance.ca.gov.

Sincerely,

Esther Maston
Associate Insurance Compliance Officer
Phone: 213-346-6519
Fax: 213-897-5891
Email: mastone@insurance.ca.gov

Please refer to our file number when corresponding with us.

EXHIBIT Q

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## THIRD LEVEL APPEAL DECISION

Date:  AUG 1 3 2012

In re:  Maurice Johnson, D68642
High Desert State Prison
P.O. Box 270220
Susanville, CA 96127

TLR Case No.: 1115508        Local Log No.: HDSP-12-00170

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner D. Van Leer, Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that he is being denied access to the Law Library and the Law Library Paging System is inadequate. The appellant contends he is being prevented from conducting legal research because he is not being provided adequate access to the Law Library or the Law Library Paging System. The appellant contends he has submitted six separate Law Library Access Request (LLAR) forms between the dates of November 29, 2011, and January 10, 2010, and several CDCR Forms 22, Inmate Request for Interview, Item, or Service, specifically requesting access to legal materials, forms, and addresses necessary to access the courts, but he has only been provided one two hour session of physical access to the Law Library in the four months he has been requesting access. This denial of access to the Law Library services is also denying him qualified assistance through attorney referral services and review of the California Insurance Code and Probate Code.

The appellant requests that he be allowed physical access to the Law Library or the Law Library Paging System that is sufficient to enable him to conduct his legal research and provide meaningful access to the courts or he be transferred to a facility with adequate resources for him to complete his legal work.

**II   SECOND LEVEL'S DECISION:** The reviewer noted the appellant indicated during his interview he was deficient in the area of insurance law and as such, required more physical access to the Law Library to determine how to proceed with his intended litigation. The reviewer advised the appellant the Law Library Paging System would probably be more productive for his needs. The reviewer noted a list of information and forms for the California State Department of Insurance and Controller's Office the appellant requested were provided via the institution mail on April 25, 2012. The reviewer advised the appellant the Program Status Report restricted the movement of the inmate general population and that restriction was also applied to the Law Library access for General Legal User (GLU) inmates. California Code of Regulations, Title 15, Section (CCR) 3123(b) indicates a GLU status inmate may receive a minimum of two hours per calendar week of requested physical Law Library access, as resources are available. As such, the appellant's physical access to the Law Library as a GLU status inmate is dependent upon the available resources, custody personnel, and the requirements of custodial security in accordance with CCR 3270. In addition, pursuant to CCR 3123(c), and inmate shall not be limited to Law Library paging for access to legal materials except under extraordinary circumstances which include the facility being under a modified program. The reviewer advised the appellant the specific procedures for Law Library access are contained in the High Desert State Prison (HDSP) CDCR Operations Manual, Section Supplement 101120.10, which refer to inmate access to Law Libraries and lockdown access to Law Libraries b inmates.

The reviewer determined the appellant had previously submitted seven LLAR forms between the dates of November 29, 2011, and February 23, 2012, and as a result of these requests he received paging services on February 1, 2012, and physical access to the Law Library on February 1, 2012, and March 2, 2012. The reviewer advised the appellant that as a GLU status inmate he will be scheduled for physical access to the Law Library as resources are available and if he is eligible, he may request access via the Law Library Paging System.

MAURICE JOHNSON, D68642
CASE NO. 1115508
PAGE 2

The reviewer advised the appellant that since he had been provided access to the Law Library as resources were available; this portion of his appeal has been granted. It was determined at the Second Level of Review (SLR) the appellant did not provide any compelling evidence to the remainder of the requested action contained in this appeal and therefore, the appeal was partially granted.

III THIRD LEVEL DECISION: Appeal is denied.

A. FINDINGS: The examiner finds the institution has presented the appellant a thorough response relative to the issues contained in this appeal. The examiner notes that as resources were determined to be available, the appellant was provided physical access the Law Library on February 1, 2012, and March 2, 2012 and was afforded access via the Law Library Paging System on February 1, 2012. The appellant is advised inmates with a PLU status have first priority to access of the Law Libraries and GLU status inmates are afforded access to the Law Libraries as resources are available.

The examiner has determined the documents and arguments presented are persuasive the appellant has not provided any compelling evidence to warrant a modification of the decision rendered at the SLR. Therefore, relief at the Third Level of Review is not warranted

B. BASIS FOR THE DECISION:
CCR: 3000, 3001, 3123, 3124, 3160, 3270

C. ORDER: No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.


D. VAN LEER, Appeals Examiner
Office of Appeals

J. D. LOZANO, Chief
Office of Appeals

cc:    Warden, HDSP
       Appeals Coordinator, HDSP



| IAB USE ONLY | | |
|---|---|---|
| | Institution/Parole Region: | Log #: |
| | HDSP - D | 12-00170 |
| D68642 | *FOR STAFF USE ONLY* | Category: (circled) |

1115508

You may ...... upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations, Title 15, Section (CCR) 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.      WRITE, PRINT, or TYPE CLEARLY in black or blue ink.

| Name (Last, First): Johnson, Maurice | CDC Number: D-68642 | Unit/Cell Number: D2-201 | Assignment: M.A.C. Chairman |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Unlawful denial of law library access or adequate law library paging (GLU)

**A. Explain your issue** (If you need more space, use Section A of the CDCR 602-A): I have been attempting to bring a lawsuit, but in violation of both state and federal law, as well as, CDCR's own policies, guidelines, and procedures I am being unlawfully denied guaranteed physical law library access and/or adequate law

**B. Action requested** (If you need more space, use Section B of the CDCR 602-A): I formally request to either be allowed physical law library access and/or law library paging which is sufficient to enable legal research and provide meaningful access to the courts as mandated by state and federal law, in addition to CDCR's

Supporting Documents: Refer to CCR 3084.3.

☒ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

(4) CDCR 22 REQUEST FOR INTERVIEW

FORMS

☐ No, I have not attached any supporting documents. Reason :

Inmate/Parolee Signature: *Maurice Johnson*     Date Submitted: 02/06/2012

☐ By placing my initials in this box, I waive my right to receive an interview.

**RECEIVED**
FEB 08 2012
HDSP APPEALS

**RECEIVED**
MAR 29 2012
HDSP APPEALS

INMATE APPEALS BRANCH
STAFF
RECEIVED
JUN 14 2014

---

**C. First Level - Staff Use Only**      Staff – Check One: Is CDCR 602-A Attached? ☒ Yes   ☐ No

This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☒ Accepted at the First Level of Review.

Assigned to: Central operations (Education)   Title: AW   Date Assigned: 2|10|12   Date Due: 3|22|12

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: 2|22|12      Interview Location: D2-201

Your appeal issue is: ☐ Granted   ☒ Granted in Part   ☐ Denied   ☐ Other: _____

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: J. Cummins   Title: AT   Signature: _____   Date completed: 2|23|12
(Print Name)

Reviewer: _____   Title: AW   Signature: _____
(Print Name)

Date received by AC: PC 3|14|12

| | AC Use Only Date mailed/delivered to appellant 3/14/12 |
|---|---|

**D. If you are dissatisfied with the First Level response,** explain the reason below, attach supporting documents and submit to the Appeals Coordinator for processing within 30 calendar days of receipt of response. If you need more space, use Section D of the CDCR 602-A.

As acknowledged by **First Level Reviewer T. Perez, A.W.**: I submitted six (6) separate LLAR Forms dated Nov. 29, 2011 through Jan. 10, 2012, (excluding several CDCR 22 Forms specifically requesting access to legal materials, forms, and addresses necessary to my supposedly protected state and federal civil right to access to courts and to initiate civil actions, I have been provided one two (2) hour session of physical law library access in the four months requested. I am not advanced in the areas concerning insurance and probate law and must conduct legal research to

Inmate/Parolee Signature: _O'Maurice Johnson_                    Date Submitted: 03-27-12

**E. Second Level - Staff Use Only**                    Staff – Check One: Is CDCR 602-A Attached? ☒ Yes  ☐ No

This appeal has been:
☐ By-passed at Second Level of Review. Go to Section G.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)
☒ Accepted at the Second Level of Review

Assigned to: _Central Operations (CO)_ Title: _AW_  Date Assigned: _3/30/12_  Date Due: _5/10/12_

Second Level Responder: Complete a Second Level response. If an interview at the Second Level is necessary, include interviewer's name and title, interview date and location, and complete the section below.

Date of Interview: _4/24/12_                    Interview Location: _Bld 0 2_

Your appeal issue is: ☐ Granted  ☒ Granted in Part  ☐ Denied  ☐ Other: _____
See attached letter. If dissatisfied with Second Level response, complete Section F below.

Interviewer: _W. Wilson_ Title: _SPI_ Signature: _____ Date completed: _____
(Print Name)

Reviewer: _F. Toure_ Title: _COMPI_ Signature: _____
(Print Name)

Date received by AC: _OC  5/4/12_

AC Use Only
Date mailed/delivered to appellant _5 / 4/12_

**F. If you are dissatisfied with the Second Level response,** explain reason below; attach supporting documents and submit by mail for Third Level Review. It must be received within 30 calendar days of receipt of prior response. Mail to: Chief, Inmate Appeals Branch, Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, CA 94283-0001. If you need more space, use Section F of the CDCR 602-A.

As a prisoner on GLU status, I have not received CDCR's own policy, procedure, and regulation of, "...a minimum of two hours per calendar week of requested physical law library access." as mandated. Being scheduled law library access, "as resources are available is neither adequate nor sufficient to provide meaningful access to the Courts as required by both federal and state law. I need physical law library access to research insurance and probate law to protect my

Inmate/Parolee Signature: _O'Maurice Johnson_                    Date Submitted: 5-28-12

**G. Third Level - Staff Use Only**
This appeal has been:
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter)  Date: _____
☒ Accepted at the Third Level of Review. Your appeal issue is ☐ Granted  ☐ Granted in Part  ☒ Denied  ☐ Other: _____
See attached Third Level response.

Third Level Use Only
Date mailed/delivered to appellant   AUG 1 3 2012

**Request to Withdraw Appeal:** I request that this appeal be withdrawn from further review because; State reason. (If withdrawal is conditional, list conditions.)

_____
_____
_____

Inmate/Parolee Signature: _____                    Date: _____

Print Staff Name: _____ Title: _____ Signature: _____ Date: _____

STATE OF CALIFORNIA — DEPARTMENT OF CORRECTIONS AND REHABILITATION
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

Side 1

| IAB USE ONLY | Institution/Parole Region | Log # | Category |
|---|---|---|---|
| | HDSP - D | 12 - 00170 | 10 |
| | FOR STAFF USE ONLY | | WS/Acc |

Attach this form to the CDCR 602, only if more space is needed. Only one CDCR 602-A may be used.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Johnson, Maurice | D-68642 | D2-201 | M.A.C. Chairman |

**A. Continuation of CDCR 602, Section A only (Explain your issue)** library paging that is sufficient to litigate issues and provide meaningful access to the courts. My late mother passed away in Nov. 2007 and named me as one of three beneficiaries of her life insurance policy. Due to whatever reason, (incerceration, ect.) I was not made aware of the existence of said policy until January 2011. Despite repeated written demands for the conveyance of payment the involved insurance companies and the Conservation & Liquidation Office has, thus far, not tendered payment to me nor provided any valid reason for not paying a valid claim. Because of lack of law library access I have been prevented from conducting legal research to determine if a statutory deadline exist for the filing of a lawsuit to protect my property rights and interests; denied qualified assistance through attorney referral service; and denied review of the California Insurance Code and Probate Code.

RECEIVED
FEB 0 8 2012
HDSP APPEALS

RECEIVED
MAR 29 2012
HDSP APPEALS

INMATE APPEALS BRANCH

RECEIVED
JUN-4 2012

Inmate/Parolee Signature: *Maurice Johnson*          Date Submitted: 02/06/2012

**B. Continuation of CDCR 602, Section B only (Action requested):** own policies, guidelines, and regulations or be transferred to a facility with adequate resources to complete legal work.

Inmate/Parolee Signature: *Maurice Johnson*          Date Submitted: 02/06/2012

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR 602-A (08/09)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 2

---

**D. Continuation of CDCR 602, Section D only (Dissatisfied with First Level response):** discern how best to protect my property rights and interests. First Level Response informing appeallant that GLU status Prisoner may receive a minimum of two hours a per calendar week or requested physical law library access, as resources are available..." does not meet the state or federal standard of my protected civil right of access to court or to initiate civil actions.

Inmate/Parolee Signature: _O'Maurice Johnson_      Date Submitted: 03-27-12

**F. Continuation of CDCR 602, Section F only (Dissatisfied with Second Level response):** property rights to my mother's life insurance policy.

Inmate/Parolee Signature: _O'Maurice Johnson_      Date Submitted: 5/28/12

State of California

Department of Corrections and Rehabilitation

High Desert State Prison

# Memorandum

Date:     March 6, 2012

To:       Inmate Johnson, D68642     $02-201$
          FDB1-207L

Subject:  **APPEAL LOG #HDSP-D12-00170**
          **FIRST LEVEL RESPONSE**


APPEAL DECISION: Partially granted.

APPEAL ISSUE: You state that law library paging services are inadequate and that you have not had physical access to the law library.

APPEAL REQUEST: You request access to the law library, improved paging services or transfer to a location with better law library access.

APPEAL RESPONSE: Inmate Johnson, in reaching a decision on your appeal, your CDCR-602 and its attachments, applicable sections of the California Code of Regulations (CCR), Title 15, the Department Operations Manual (DOM), the High Desert State Prison (HDSP) Supplement, Library And Law Library (May 2011), and your Wednesday, February 22, 2012, interview with Mr. Cummings, Academic Instructor, were reviewed and considered.

A review of the HDSP *Test of Adult Basic Education Database* indicates your reading grade point level is 12.9. A review of the *Disability and Effective Communication System* indicates you have no disabilities which require special accommodation to achieve effective communication. However, effective communication was achieved during your interview with Mr. Cummings using normal conversational tones, and the manner in which you were able to restate the appeal issue in your own words.

Inmate Johnson, during the interview with Mr. Cummings you stated you have not had physical access to the law library and that the paging services received have been inadequate. The CCR Title 15, Section 3123(b), states in part: *Inmates on GLU status may receive a minimum of two hours per calendar week of requested physical law library access, as resources are available.* Your physical access to the law library as a GLU is dependent on available resources, custody personnel, and the requirements of custodial security in accordance with the CCR Title 15, Section 3270. Inmate Johnson, per the CCR Title 15, Section 3123(c): *When unable to physically access the law library, an inmate may request access to legal material through delivery of those materials to the inmate by library staff. This process is referred to as law library paging. An inmate shall not be limited to law library paging for access to legal materials except under extraordinary circumstances including, but not limited to, the following: (1) the inmate is directly under a prison lockdown.* Specific procedures for law

library access are contained in the HDSP Supplement, Section 101120.10, Inmate Access to Law Libraries, Lockdown Access to the Law Library by Inmates.

You have submitted six LLAR forms dated November 29, 2011, December 21, 2011, December 22, 2011, January 4, 2012, January 9, 2012, and January 10, 2012. On February 1, 2012, you received paging services based on these LLAR forms. Specific requirements for the content of law libraries is contained in CCR Title 15, Section 3124.

Based on the information above, your appeal has been partially granted. You may request law library access as a GLU and will be scheduled accordingly, as resources are available. In addition, you may continue to request and receive paging services, if eligible. Your request to be transferred to another institution is beyond the scope of a library appeal and is denied.

If you are dissatisfied with this decision, you may appeal to the Second Level of Review by following the directions on your CDCR 602 form.

T. PEREZ
Associate Warden
Central Operations

cc: Central File
    Appeals File

State of California                                                     Department of Corrections and Rehabilitation
                                                                                                High Desert State Prison

# Memorandum

Date:     April 30, 2012

To:       Inmate Johnson, D68642
          FDB1-201

Subject:  **APPEAL LOG #HDSP-D12-00170**
          **SECOND LEVEL RESPONSE**

APPEAL DECISION:  Partially granted.

APPEAL ISSUE:  You state that Law Library physical access and paging services are not adequate to research and advance legal action involving an insurance company.

APPEAL REQUEST:  You request increased physical access to the Law Library or transfer to a location with better Law Library access.

APPEAL RESPONSE:  Inmate Johnson, in reaching a decision on your appeal, your CDCR-602 and its attachments, applicable sections of the California Code of Regulations (CCR), Title 15, the Department Operations Manual (DOM), the High Desert State Prison (HDSP) Supplement, Library And Law Library, and your Wednesday, April 25, 2012, interview with Mr. Wilson, Vice Principal, were reviewed and considered.

A review of the HDSP *Test of Adult Basic Education (TABE) database* indicates your Reading Grade Point Level (RGPL) is 12.9.  A review of the *Disability and Effective Communication System (DECS)* indicates you have no disabilities which require special accommodation to achieve effective communication.  However, effective communication was achieved during your interview with Mr. Wilson using normal conversational tones, and the manner in which you were able to restate the appeal issue in your own words.

Inmate Johnson, during the interview with Mr. Wilson, you stated your personal deficiency in the area of insurance law.  Due to this you require more physical access to the law library to determine a legal direction, then paging would likely be more meaningful.  During the interview, you stated some of the information you are seeking so some public agencies that may be helpful were suggested.  A list of information and forms for the California State Department of Insurance and Controller's Office was provided to you by institution mail on April 25, 2012.  You stated you understand that the nature of your legal quest is as a General Library User (GLU).  The daily Program Status Report limits General Population movement to include inmate access to the library as a GLU.  The Title 15, Section 3123(b), states in part: *Inmates on GLU status may receive a minimum of two hours per calendar week of requested physical law library access, as resources are available.*  Your physical access to the law library

Inmate Johnson, D68642
Appeal Log #D12-00170
Page 2

as a GLU is dependent on available resources, custody personnel, and the requirements of custodial security in accordance with the Title 15, Section 3270. Inmate Johnson, per the CCR Title 15, Section 3123(c): *When unable to physically access the law library, an inmate may request access to legal material through delivery of those materials to the inmate by library staff. This process is referred to as law library paging. An inmate shall not be limited to law library paging for access to legal materials except under extraordinary circumstances including, but not limited to, the following: (1) the inmate is directly under a prison lockdown.* Specific procedures for law library access are contained in the HDSP Supplement, Section 101120.10, Inmate Access to Law Libraries, Lockdown Access to the Law Library by Inmates. You have submitted seven Law Library Access Request (LLAR) forms dated November 29, 2011, December 21, 2011, December 22, 2011, January 4, 2012, January 9, 2012, January 10, 2012 and February 23, 2012. On February 1, 2012, you received paging services based on these LLAR forms and you received physical access on February 1, 2012 and March 2, 2012.

Based on the information above, your appeal has been partially granted. You may request law library access as a GLU and will be scheduled accordingly, as resources are available. In addition, you may request and receive paging services, if eligible. Your request to be transferred to another institution is beyond the scope of a library appeal and is denied.

If you are dissatisfied with this decision, you may appeal to the Third Level by following the directions on your CDCR 602 form.

F. FOULK
Chief Deputy Warden (A)

cc: Central File
    Appeals File

ATTACHMENT A

## EFFECTIVE COMMUNICATION REQUIRED

Name: _Johnson_          CDCR # _068642_          Log # HDSP- _D - 12 - 00170_

[X] TABE score database or DECS indicates:          _129_     [X] RGPL is above 4.0     or     [ ] RGPL is 4.0 or below

[X] Disability and Effective Communication System  indicate(s): _DMS_     [X] The inmate is not listed with a disability.

[X] The inmate is not listed with a learning disability.     or

    [ ] DOCUMENTED DISABILITY(IES) NOTED AS:

    [X] No special communication needs were noted before the interview.     [ ] A magnifying lens has previously been issued.

Special Needs requiring accommodation to achieve effective communication:

**The above has been verified by the appeals office**

### EFFECTIVE COMMUNICATION MUST BE ASSURED AT THE BEGINNING OF EVERY INTERVIEW! THERE ARE NO EXCEPTIONS!

NOTE: Any indication before or during the interview that the inmate may need assistance of any kind to understand the interview and / or the written appeal response, must be documented on this form and addressed in the appeal response.  **Use the following guidelines:**

The appeal response is to state the kind of communication that was used during the personal interview.
This can be any one of the following:          *Indicate which method was actually used for the interview.*

| | |
|---|---|
| [X] Oral interview using | [ ] Written notes  - all notes must be attached to, and remain with, the appeal. |
|   [X] normal conversational tones | [ ] Signing (ASL) or  [ ] foreign language interpreter  Name: _____ |
|   [X] simple English | Name the interpreter in the response.          Language: _____ |
|   [X] slower speech | |

|  | [ ] loud speech | - There must be an indication that the inmate responded appropriately. |
|---|---|---|
| If the inmate is DNH | [ ] hearing aids | |
| | [ ] lip reading - | Use only as a last resort: *ARP II.E.2.e states: An inmate's ability to lip read shall not be the sole source used by staff as a means of effective communication ... unless the inmate has no other means of communication.* |

The response memorandum must indicate how the interviewer was certain that the inmate was able to understand what was stated during the interview.     This may be established by:

[X] the inmate's personal interaction with the interviewer.

[X] the detail with which the inmate was able to restate the discussion in his own words.

[X] the inmate's mannerisms.
    (How he carried himself – body language – expression – hostility (if applicable) – facial expressions – gestures – attitude, etc.)

[ ] the inmate's written statements -- evidenced by attached notes.

An inmate, whose Reading Grade Point Level (RGPL) or vision impairment requires special accommodation to be able to understand the written response, once delivered to him, must have the response include the applicable element chosen from the list below.
Appeals where no interview was conducted pursuant to conditions permitted in California Code of Regulations (CCR) Section 3084 still require that the response be effectively communicated to the inmate.          *If no interview was conducted, then the specific reason must be stated citing the applicable CCR section.*

[ ] The appeal is to be read to the inmate by a Staff Assistant because of his     [ ] vision impairment     [ ] Low Reading Level
    and record how the inmate's understanding was assured.

[ ] The appeal is printed in an enlarged font to accommodate the inmate's vision impairment.
    [ ] The chart on the back of this form was used to determine an appropriate font size.

_J. Cummings_ _____          _2/22/12_

Interviewer's name (please print) and signature          Date of Interview

### ≥ PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE ≤

ATTACHMENT A

## EFFECTIVE COMMUNICATION REQUIRED

Name: Johnson     CDCR # D68642     Log # HDSP- D-12-00170

☑ TABE score database or DECS indicates:    12.9    ☑ RGPL is above 4.0   or   ☐ RGPL is 4.0 or below

☑ Disability and Effective Communication System indicate(s):    ☑ The inmate is not listed with a disability.
☑ The inmate is not listed with a learning disability, or →

    ☐ DOCUMENTED DISABILITY(IES) NOTED AS:

    ☑ No special communication needs were noted before the interview.    ☐ A magnifying lens has previously been issued.

Special Needs requiring accommodation to achieve effective communication:

*The above has been verified by the appeals office*

## EFFECTIVE COMMUNICATION MUST BE ASSURED AT THE BEGINNING OF EVERY INTERVIEW! THERE ARE NO EXCEPTIONS!

NOTE: Any indication before or during the interview that the inmate may need assistance of any kind to understand the interview and / or the written appeal response, must be documented on this form and addressed in the appeal response. Use the following guidelines:

The appeal response is to state the kind of communication that was used during the personal interview. This can be any one of the following:    *Indicate which method was actually used for the interview.*

☑ Oral interview using

    ☑ normal conversational tones
    ☐ simple English
    ☐ slower speech

| ☐ Written notes - all notes must be attached to, and remain with, the appeal. |
| ☐ Signing (ASL) or ☐ foreign language interpreter   Name: ____ |
| Name the interpreter in the response.    Language: ____ |

If the inmate is DNH
    ☐ loud speech - There must be an indication that the inmate responded appropriately.
    ☐ hearing aids
    ☐ lip reading - Use only as a last resort: *ARP II.E.2.e states; An inmate's ability to lip read shall not be the sole source used by staff as a means of effective communication ... unless the inmate has no other means of communication.*

The response memorandum must indicate how the interviewer was certain that the inmate was able to understand what was stated during the interview.    This may be established by:

☑ the inmate's personal interaction with the interviewer.
☑ the detail with which the inmate was able to restate the discussion in his own words.
☑ the inmate's mannerisms.
   · (How he carried himself – body language – expression – hostility (if applicable) – facial expressions – gestures – attitude, etc.)
☑ the inmate's written statements – evidenced by attached notes.

An inmate, whose Reading Grade Point Level (RGPL) or vision impairment requires special accommodation to be able to understand the written response, once delivered to him, must have the response include the applicable element chosen from the list below.
Appeals where no interview was conducted pursuant to conditions permitted in California Code of Regulations (CCR) Section 3084 still require that the response be effectively communicated to the inmate.
    *If no interview was conducted, then the specific reason must be stated citing the applicable CCR section.*

☐ The appeal is to be read to the inmate by a Staff Assistant because of his ☐ vision impairment   ☐ Low Reading Level and record how the inmate's understanding was assured.

☐ The appeal is printed in an enlarged font to accommodate the inmate's vision impairment.
    ☐ The chart on the back of this form was used to determine an appropriate font size.

W. Wilson       [signature]            7/25/12
Interviewer's name (please print) and signature           Date of Interview

## ≡ PERMANENT APPEAL ATTACHMENT – DO NOT REMOVE ≡

*Return to 449 4L*

Filed 02/07/13 Page 74 of 94 Page ID #:78

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print)  (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| JOHNSON | MAURICE | D-68642 | *Maurice Johnson* |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM 0700 TO 1500 | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| D2-201 | IAC CHAIRMAN | | LAW LIBRARY PAGING |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

CURRENTLY I AM IN THE PROCESS OF FILING A CIVIL CLAIM FOR A LIFE INSURANCE POLICY WHICH I WAS A NAMED BENEFICIARY. THE TWO OTHER BENEFICIARIES OF THE POLICY WERE ISSUED PAYMENT ON DEC 23 '09 THE POLICY HOLDER (MY MOTHER) PASSED IN NOV '07. NO ONE NOTIFIED ME OF THE POLICY UNTIL JAN. 2011. I NEED TO REVIEW THE INSURANCE CODE AND PROBATE CODE ALSO PER CIVIL PROCEDURE SEC 1540 THE STATE CONTROLLER HAS A CLAIM FORM WHICH I AM IN NEED OF.

THANK YOU

METHOD OF DELIVERY (CHECK APPROPRIATE BOX ) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☒ SENT THROUGH MAIL: ADDRESSED TO: J. FLAHERTY, SR. LIBRARIAN                      DATE MAILED: 12/19/11

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)   YES    NO |
|---|---|---|---|
| IF FORWARDED – TO WHOM: | | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE)  IN PERSON   BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| C. DAVIS LTA | 12-20-11 | *C. Davis* | 12-20-11 |

Mr. Flaherty has retired, and there is no senior librarian. Do you know the name of the claim form you are in need of? Currently, we are unable to research for you as we do not have library clerks.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL CANARY COPY.

MRS. DAVIS THIS IS THE REASON WHY I NEED PHYSICAL ACCESS TO THE LAW LIBRARY ACCORDING TO SEC 1515 (a) UNCLAIMED LIFE INSURANCE ESCHEAT TO THE STATE IF NOT UNCLAIMED AND UNPAID FOR MORE THAN 3 YEARS AFTER THE FUNDS BECAME DUE. ACCORDING TO CIV. P § 1540 IT STATES, "The claim shall be on a form prescribed by the State Controller and shall be verified by the Claimant." Could you provide the address to the State Controller, so I can write and request the form? Thank You.

| SIGNATURE: | DATE SUBMITTED: 12-27-11 |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| W. Wilson  SAI | 1/4/12 | *W. Wilson* | 1/4/12 |

address enclosed.

STATE OF CALIFORNIA

INMATE/PAROLEE REQUEST FOR INTERVIEW, ITEM OR SERVICE
CDCR 22 (10/09)

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print): (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| JOHNSON | M | D-68642 | Maurice Johnson |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM 0700 TO 1500 | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| D2-201 | IAC, CHAIRMAN | | LAW LIBRARY PAGING |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:
I AM IN THE PROCESS OF INITIATING A CIVIL INSURANCE TORT FOR BREACH OF CONTRACT; BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING; MENTAL SUFFERING AND EMOTIONAL DISTRESS AGAINST GOLDEN STATE MUTUAL IN LIQUIDATION; IA AMERICAN LIFE INSURANCE COMPANY; CONSERVATION & LIQUIDATION OFFICE AND DAVE JONES, CALIFORNIA INSURANCE COMMISSIONER. PER CCR TITLE 15.3123.(C) I REQUEST ACCESS TO THE INSURANCE CODE; CALIFORNIA STATE PRISONERS' HANDBOOK; ADDRESS OF THE FOLLOWING: DAVE JONES, CALIFORNIA INSURANCE COMMISSIONER; BAR ASSOCIATION; ATTORNEY REFERRAL SERVICE (LISTED IN TELEPHONE YELLOW PAGES); BETTER BUSINESS BUREAU; AND THE YOUNG LAWYERS SECTIONS OF THE AMERICAN BAR ASSOCIATION. LASTLY, I REQUEST ALL THE NECESSARY FORMS NEEDED TO FILE WITH COURT. DOM. 14010.19 AND DOM 14010.20 THANK YOU

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **
☑ SENT THROUGH MAIL: ADDRESSED TO: FACILITY D LTA MRS. DAVIS          DATE MAILED: 12 / 7 / 11
☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE) YES NO |
|---|---|---|---|
| M. Khold | 12/15/11 | | |

| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE) IN PERSON BY US MAIL |
|---|---|---|

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

Please choose the forms you need from this list

## SECTION C: REQUEST FOR SUPERVISOR REVIEW
PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL GOLDENROD COPY.

IN ADDITION TO THE FORMS HIGHLIGHTED ON THE ENCLOSED LIST. I NEED TO BE PROVIDED WITH THE FOLLOWING: THE INSURANCE CODE; THE PROBATE CODE TO ASCERTAIN IF THERE ARE STATUTORY TIME LIMITS IN WHICH I NEED TO OBSERVE TO PRESERVE MY RIGHTS TO MY BENEFITS. I REQUEST ADDRESSES OF: DAVE JONES, CALIFORNIA INSURANCE COMMISSIONER; THE BAR ASSOCIATION; ATTORNEY REFERRAL SERVICE (LISTED IN YELLOW PAGES); BETTER BUSINESS BUREAU; AND THE YOUNG LAWYERS SECTIONS OF THE AMERICAN BAR ASSOCIATION PER DOM 14010.19 AND DOM 14010.20

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| Maurice Johnson | 12-15-11 |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print)   (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| Johnson | Maurice | D-68642 | *Maurice Johnson* |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM 0700 TO 1500 | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| D2-201 | I.A.C. Chairman | | Legal Mail Correct Address |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

On 11/15/2011, your office returned a LEGAL/CONFIDENTIAL MAIL form instructing me to correct the address and resubmit for mailing. I possess alot of out dated-legal books and I'm in the process of writing to The Better Business Bureau; National Organization of Life and Health Guaranty Associations (NOLHGA); California Insurance Commissioner Dave Jones; The Young Lawyers Section of the American Bar Association; and The American Civil Liberties Union. I do not want a repeat of what transpired on 11/15/11, therefore, please provide me with the correct addresses of the Organizations listed above. Thank You

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☒ SENT THROUGH MAIL: ADDRESSED TO: HIGH DESERT STATE PRISON MAILROOM     DATE MAILED: 12 /01 /2011

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)   YES   NO |
|---|---|---|---|
| IF FORWARDED – TO WHOM: | | DATE DELIVERED/MAILED: | METHOD OF DELIVERY: (CIRCLE ONE)   IN PERSON   BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

Mr Johnson, I am sorry that it troubled you to be provided with a correct address. If you wish, address corrections will be sent to you as they are noted. However, we do not have sufficient staffing to allow us to look up multiple addresses for multiple inmates, we have an inmate population of 4000+. You need to make an appointment to visit the law library.

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL GOLDENROD COPY.

| SIGNATURE: | DATE SUBMITTED: |
|---|---|

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|

## SECTION A: INMATE/PAROLEE REQUEST

| NAME (Print)  (LAST NAME) | (FIRST NAME) | CDC NUMBER: | SIGNATURE: |
|---|---|---|---|
| JOHNSON, | MAURICE | D-68642 | O Maurice Johnson |

| HOUSING/BED NUMBER: | ASSIGNMENT: | HOURS FROM ____ TO ____ | TOPIC (I.E. MAIL, CONDITION OF CONFINEMENT/PAROLE, ETC.): |
|---|---|---|---|
| D2-201 | IAC, CHAIRMAN | | LAW LIBRARY |

CLEARLY STATE THE SERVICE OR ITEM REQUESTED OR REASON FOR INTERVIEW:

MRS. DAVIS, BEFORE WE WENT ON LOCK DOWN I SPOKE WITH YOU ABOUT ACCESS TO THE LAW LIBRARY TO DO LEGAL RESEARCH. AN INSURANCE COMPANY IS ATTEMPTING TO DENY PAYMENT OF A LIFE IN- SURANCE POLICY TO ME. I NEED TO ASCERTAIN THE NECESSARY LEGAL STEPS I NEED TO MAKE IN ORDER TO PROTECT MY LEGAL RIGHTS. ADDITIONALLY, I HAVE THOSE TWO CASES I CHECKED OUT THAT I NEED TO RETURN. I NEED TO REVIEW THE DIRECTORY OF ATTORNEY'S SPECIFICALLY, INSURANCE.            THANK YOU

METHOD OF DELIVERY (CHECK APPROPRIATE BOX) **NO RECEIPT WILL BE PROVIDED IF REQUEST IS MAILED **

☑ SENT THROUGH MAIL:  ADDRESSED TO: MRS. DAVIS LAW LIBRARIAN      DATE MAILED: 11 /29/11

☐ DELIVERED TO STAFF (STAFF TO COMPLETE BOX BELOW AND GIVE GOLDENROD COPY TO INMATE/PAROLEE):

| RECEIVED BY: PRINT STAFF NAME: | DATE: | SIGNATURE: | FORWARDED TO ANOTHER STAFF? (CIRCLE ONE)  YES  NO |
|---|---|---|---|
| IF FORWARDED – TO WHOM: | DATE DELIVERED/MAILED: | | METHOD OF DELIVERY: (CIRCLE ONE)  IN PERSON  BY US MAIL |

## SECTION B: STAFF RESPONSE

| RESPONDING STAFF NAME: | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| C. DAVIS LTA | 12-2-11 | C. Davis | 12-2-11 |

I am sorry, but only those with legitimate PLU status are allowed library access during the current lockdown

## SECTION C: REQUEST FOR SUPERVISOR REVIEW

PROVIDE REASON WHY YOU DISAGREE WITH STAFF RESPONSE AND FORWARD TO RESPONDENT'S SUPERVISOR IN PERSON OR BY US MAIL. KEEP FINAL GOLDENROD COPY.

Per CCR Title 15, §3123 (b), "All prisoners, regardless of their classification or housing statu shall be entitled to physical law library access that is sufficient to provide meaningful access to the courts." This facility averages one lockdown every other month therefore, is it establish ed that during periods of lockdown only PLU status will receive access to the courts at the ex- pense of GLU status, who are also, by law and regulation, entitled to access to law libraries?

| SIGNATURE: | DATE SUBMITTED: |
|---|---|
| O Maurice Johnson | 12/04/2011 |

## SECTION D: SUPERVISOR'S REVIEW

| RECEIVED BY SUPERVISOR (NAME): | DATE: | SIGNATURE: | DATE RETURNED: |
|---|---|---|---|
| J Wilson Vice Principal | 12/12/11 | [signature] | 12/12/11 |

Title 15, 3123 (a) In part: " Inmates on GLU status may receive a minimum of 2 hours per calendar week of requested physical law library access, As resources are available. If the library is full with PLUs, highest priority, the resources are not available. If eligible, you may request paging as provided by Title 15, 3123 (c)

April 25, 2012

Inmate Johnson, D68642

During our interview for your Second Level Appeal, I concluded you need additional resources to pursue your claim to life insurance funds as a listed beneficiary. I empathize with your dilemma of not knowing how to research your situation and the law library time it would take to research this. This may involve a civil suit, however, you may consider pursuing public resources, first. In your research, you would eventually discover these so I can save you some time with the enclosed form and directions.

The letter you wrote to the PLO is very descriptive so I suggest you attach a similar one to the RFA form. Note the dates you wrote to the insurance companies, their lack of response and include a copy of the insurance company letter that shows you have a valid claim as a beneficiary. You may consider trying to determine if this is unclaimed property after a response from the Dept of Insurance.

W.Wilson

Vice Principal

July 10, 2012

I/M Johnson


I am surprised you didn't get a favorable response from the resources I sent you. I will talk to our Senior Librarian about obtaining the resources you requested. Since it is not criminal law as mandated, we will be limited but I will see what we can find. You may also consider an attorney for a contingency fee. Since so much time has passed, 70% of something is better than 100% of nothing. From the local yellow pages: (attorney) Joseph Polockow, P.O. Box 2070303, Susanville, Ca 96127.

The problem with providing MAC with applications for FRC and CCC is the original goes away so no copies can be made. We go through this all the time. That is why they are also in the libraries.


W.Wilson

Vice Principal

# EXHIBIT   R

TO: California Life and Health Insurance Guarantee Association
P.O. Box 16860
Beverly Hills, CA     90201-3319

FROM: Maurice Johnson, D-68642
High Desert State Prison
P.O. Box 3030
Susanville, CA     96127

DATE: September 6, 2012

I am writing to request the following information pursuant to Title 5, United States Code, Sections 552, 552a: As named beneficiary per affidavit under California Probate Code 13101 of Policy Number: 81305774, I formally request to be provided with an official legal copy of insured Mamie L. Johnson's complete life insurance policy in its entirety; documents/records to whom the benefits of said policy were paid, date payment was tendered, and a legal copy of the endorsed check issued in my name; any and all information of the actual amount of the benefit payment owed to Maurice Johnson, plus all accrued interest; lastly, I request information of the actual date and time when payment of this life insurance claim will be paid and if not, the reason[s] for the denial and/or bad faith illegal with-holding of payment of a valid claim.

The information is sought for non-commercial purposes.

I respectfully request a waiver of any duplication fees related to this request for the following reasons: As named beneficiary of the above stated policy I should have been issued a copy of all of the above requested information, in addition to notice within 30 days of insured death with payment, which I was never provided with. As a result, I am now an indigent prisoner attempting to protect my legal and beneficial interest in a policy of insurance. For the above stated reasons I should be entitled to the above documents/records at no cost.

If your agency denies this request in whole or in part, please specify the exemptions under Title 5, United States Code, Section 552, on which the denial is based.

I look forward to receiving a response to this request within twenty (20) working days, as required by statute.

Thank you for your assistance.

Respectfully submitted,

Maurice Johnson

# EXHIBIT S

Maurice Johnson, D-7-224
High Desert State Prison
P.O. Box 3030  D7-224
Susanville, CA  96127

Department of Insurance
Consumer Services and Market Conduct Branch
Claims Services Bureau
300 South Spring Street
Los Angeles, CA  90013

October 8, 2012

Re: California Life and Health Insurance Guarantee Association
    Your File Number: CSB-6745853

Dear Mrs. Maston:

After receiving your letter dated June 05, 2012, I again attempted additional written correspondence with California Life and Health Insurance Guarantee Association at the address you provided. As of the above stated date, I still have yet to receive any return written correspondence from them, neither acknowledging receipt of my letters nor providing me with any information concerning the status of my beneficiary payment pursuant to Golden State Mutual Policy Number: 81305774 Policyholder: Mamie L. Johnson.

I am at a complete and total loss as to how to proceed further in this matter. If as you stated in your letter, "The referenced insurance company has been placed under the control of this Departments Conservation and Liquidation Division." why am I being directed to correspond with California Life and Health Insurance Guarantee Association, who is not responding to any of my written correspondence to them? Please provide me with information, (including contact information) of exactly who, in your Department and/or Division I can formally lodge a complaint with and obtain some meaningful results. I believe as a direct result of my current incarceration all of the involved parties, (including your department) are not taking me seriously in this matter and I can assure you this would be a major mistake. My beloved deceased mother named me as a beneficiary of her life insurance policy and I was never provided with said benefits. I have no intentions whatsoever of just going away and allowing anyone to deny or deprive me of the benefits my late mother intended for me to receive.

Mrs. Maston, for a brief moment, please attempt to place yourself in my position, not literally but figuratively because I wish no unfortunate condition toward anyone: A loved one passes leaving you as a listed by name, beneficiary of their life insurance policy. As named beneficiary you were never contacted, informed or notified of the policy existence or of payment held for and/or owed to you pursuant to said policy until years later and then not by the insurance company, who possessed a fiduciary duty and obligation to disclose the fact, but a third party who disclosed to the company your location and whereabouts. When you seek payment you are informed that records showed the policy was paid out, yet, you have proof that you were never issued payment. You are incarcerated therefore, all checks are logged and documented when processed. Then you are sent on a course of action which ultimately amounts to a wild goose chase from company to company receiving neither requested answers or information nor payment of a valid outstanding insurance claim. First it was (GSM) then IA American then (CLO) then (NOLHGA) and finally (CLHIGA). Completely frustrated you file a complaint with the department who is supposedly in charge of regulating and/or liquidating said company and they inform you we are unable to assist you further with your dispute with this company." What would you do? How would you feel? I don't have access to the internet as I am incarcerated, any information you can provide to me concerning the problems above would be greatly appreciated.

Sincerely,

Maurice Johnson

# EXHIBIT T

High Desert State Prison
P.O. Box 3030   D7-224
Susanville, CA   96127

1A American Life Insurance Company
P.O. Box 25670
Scottsdale, AZ     85255

October 8, 2012

Re: Policy Number:  81305774
    Insured:        Mamie L. Johnson

Dear Mrs. Van Aalsburg:

Sadly and unfortunately since your last correspondence to me dated January 5, 2012, I have
made zero progress in my attempts at either obtaining pertinent information needed to provide
to attorney's wishing to assist me in protecting my legal and beneficial interests in a policy of
insurance, (such as the amount of the policy, ect.) or of obtaining the actual beneficiary payment
and accrued interest owed to me pursuant to the above referenced life insurance policy.

While Michele Vass, Claims Manager of Conservation and Liquidation Office returned my correspondence
after you contacted and/or forwarded the file to her, my requests for information and answers
to four (4) specific questions went totally unanswered. Mrs. Vass' letter verbatim stated:

Dear Mr. Johnson,

I acknowledge your letter of January 29, 2012.

As you were previously advised, this matter has been referred to the California Life and Health
Insurance Guarantee Association (CLHIGA). I have also forwarded your subsequent correspondence.

Please direct any further correspondence to:

California Life and Health Insurance Guarantee Association
P.O. Box 16860
Beverly Hills, CA  90201-3319

I have also advised your cousin, Leanza Jones, that the matter has been referred to CLHIGA. I
have provided her with contact information and information regarding the file transfer.

I trust CLHIGA will contact you as soon as practicable. Please be patient. As is often the case
with insurance company liquidations, accessing records is sometimes challenging.

Very truly yours,

Michele Vass
Claims Manager

cc: CLHIGA

Mrs. Van Aalsburg, it is now October 8, 2012 and despite eight (8) months of patience and
atleast three (3) letters to CLHIGA (who have yet to send me any correspondence whatsoever)
I have not been provided with any information regarding my payment of a valid insurance

claim. Why does it appear as if every aspect of this life insurance claim and policy is surreptitiously shrouded in concealment, deceit, and fraud? I have been incarcerated at High Desert State Prison since the unfortunate and untimely death of my mother. I can obtain pertinate trust account statements from the prison verifying I was never issued any type of payment from either Golden State Mutual nor IA American related to the above referenced policy. i am about to be released from prison soon and my beneficiary payment with accrued interest will be of substantial assistance to me in completing a successful transition back into society.

Mrs. Van Aalsburg, please provide me with contact information of exactly who in the insurance industry that I can file a complaint to that will assist me in obtaining my payment of a valid insurance claim. Is there a regulatory agency that oversees the insurance industry? If so please include that information in your reply correspondence.

Lastly, are you capable of contacting CLHIGA and inquiring if they received my correspondence and what is the current status of my claim, in your official capacity?

Thank you for your time and assistance in this matter.

Sincerely,

Maurice Johnson

# EXHIBIT   U

Maurice Johnson B57-U18642
High Desert State Prison
P.O. Box 3030   D7-224
Susanville, CA  96127

October 9, 2012

Michele Vass, Claims Manager
Conservation & Liquidation Office
P.O. Box 26894
San Francisco, CA   94126-0894

Re: Golden State Mutual Life Insurance Company in Liquidation
Insured:  Mamie L. Johnson
Policy Number: 81305774

Dear Mrs. Vass,

Regrettably out of both desperation and exasperation I am forced to forward this latest correspondence to you because astonishingly and inexplicably there has been absolutely zero (0) progress in my attempts at either obtaining pertinent information needed to provide to attorneys willing to assist me in protecting my legal and beneficial interests in a policy of insurance, (such as a copy of the policy, amount of policy ect.) or of obtaining the actual beneficiary payment including accrued interest owed and outstanding to me pursuant to the above referenced life insurance policy.

In your last correspondence to me dated February 2, 2012 in pertinent part you stated, "Please direct any further correspondence to:

California Life and Health Insurance Guarantee Association
P.O. Box 16860
Beverly Hills, CA    90201-3319

I trust CLHIGA will contact you as soon as practicable. Please be patient. As is often the case with insurance company liquidations, accessing records is sometimes challenging."

Well, Mrs. Vass, with all due respect, I took your advice and despite eight (8) months of patience and at least three (3) unanswered letters to CLHIGA, (who, by the way has yet to forward me any correspondence whatsoever) I have not been provided with any information regarding my payment of a valid insurance claim.

Why does it appear as if every aspect of this life insurance claim and policy is surreptitiously shrouded in concealment, deceit, and fraud? Why can't I get simple straight forward answers to my questions? I have been incarcerated at High Desert State Prison since the unfortunate and untimely death of my mother. I can obtain pertinate trust account statements from prison personnel verifying the fact that I was never issued any type of payment from either Golden State Mutual or IA American related to the above referenced policy. I am about to be released from prison soon and my beneficiary payment with accrued interest will be of substantial assistance to me in completing a successful transition back into society.

Mrs. Vass, if you are unwilling or incapable of helping me with this matter, please find it within your heart to provide me with contact information of exactly who, in the insurance industry, can provide me with meaningful results.

Lastly, are you capable of contacting CLHIGA in your official capacity and ascertaining the current status of my claim? As it is apparent to me after eight months of waiting CLHIGA has no intentions of contacting me, in spite of your trust to the contrary.

Thank you for your time and any assistance you provide to me in this urgent matter.

Sincerely,

Maurice Johnson
Beneficiary/Claimant

# EXHIBIT V

**AMERICAN**
LIFE INSURANCE COMPANY

P.O. Box 25670 Scottsdale AZ, 85255
American Health and Life Insurance Company   (800) 711-3454      Golden State Mutual (800) 225-5476

October 19, 2012

Maurice Johnson D-68642
High Desert State Prison
PO Box 3030   D7-224
Susanville, CA 96127

RE:          Insured        Mamie L. Johnson
             Policy #          81305774

Dear Mr. Johnson:

Thank you for your letter and the opportunity to be of assistance to you.

I have reviewed your letter and have referred the matter to management so that they can look into this for you. I understand your frustration in getting this resolved and I will do what I can to help in obtaining the proceeds that are owed to you as a beneficiary for this policy.

In reviewing this matter it may be take several weeks to respond back but I will do so as soon as I have an answer for you.

If you have any further questions, or if we can be of further assistance in any way, please do not hesitate to call our offices. We are open Monday through Thursday 7am to 2pm and on Friday from 7am to 12pm MST. You may also email our Client Service Department at csr@iaamerican.com.

Sincerely,

Life Administration

"Trademark of Industrial Alliance Insurance and Financial Services Inc."

PROOF OF SERVICE BY UNITED STATES MAIL

I, Maurice Johnson _____, am over the age of eighteen years, a resident and prisoner of the State of California with a present mailing address of: High Desert State Prison, P.O. Box 3030, Susanville, CA 96127-3030.

On January 6th 2013 _____, I served the following document(s):

(3) 42 USC. §1983 & 42 USC. §1985(3) complaints and SUMMONS, Exhibits A-V declaration to the Clerk.

by placing the documents in a sealed envelope(s), with First Class postage having been placed thereon. Delivered the envelope(s) to a Correctional Officer who then signed & dated the back of the envelope and s/he then deposited such envelope(s) in the prisons legal mail system for processing and delivery to the United States Postal Service, for delivery to the addressee(s):

United States District Court
Central District of California
312 North Spring Street, Room G-8
Los Angeles, California 90012

I declare that there has been regular U.S. Mail pick-up by the Correctional Officers at the prison where I posted the envelopes(s) and regular communication by mail between the place of mailing and the places(s) so addressed.

I declare under penalty of perjury under the laws of the State of California and the United States that the forgoing is true and correct and that this declaration was executed on January 6th 2013 _____, at Lassen County, in Susanville, California.

Maurice Johnson
Declarant

NOTE: Pursuant to the holdings in Houston v. Lack (1988) 487 U.S. 266,108 S.Ct. 2379,1010 L.Ed.2d 245; and, In re Jordan (1992) 4 Cal.4th 116, 13 Cal.Rptr.2d 878,840 P.2d 983, (inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the institutions internal legal mail procedures).

74*

# CIVIL COVER SHEET

JS 44 (Rev. 11/04)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Johnson, Maurice

**(b)** County of Residence of First Listed Plaintiff  Lassen
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)  In Pro Per

**DEFENDANTS** Jones, Dave California Insurance Commissioner in re Golden State Mutual Life Insurance Company in Liquidation; Vas, Michele, Claims Manager Conservation & Liquidation Office, California Life & Health Insurance Guarantee Association, et al.

County of Residence of First Listed Defendant  Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 446 Amer. w/Disabilities - Other | ☒ 550 Civil Rights | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**  Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC §1983 and 42 USC §1985(3) and State law claims Negligent, Intentional breach of contract

Brief description of cause:  14th Amendment Due Process "Equal Protection"

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:  JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY:** (See instructions):  JUDGE   DOCKET NUMBER

DATE

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Maurice Jerman
P.O. Box 3030
High Desert State Prison
Susanville CA 96127

1983 z

2:177

PRIORITY MAIL®
UNITED STATES POSTAL SERVICE
Visit us at usps.com
Label 107R, January 2008

UNITED STATES DISTRICT
CENTRAL DISTRICT OF CA
312 North Spring Street, Roo
Los Angeles, CA 900
ATTENTION: PRO SE CLERK

RECEIVED
CLERK, U.S. DISTRICT COURT
FEB -6 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY



tate Prison,
0
A 96127
SCE JOHNSON
____ Bldg/Bed ___

pt. Of Corrections
ehabilitation

**ENT MAIL**

SS TO:
30 / All Mail To Inmates
0249 / Money Orders Only